**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02063-DDD

CITY OF FORT COLLINS,

      Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC

      Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

      Defendant.

---

**PLAINTIFF CITY OF FORT COLLINS'S REPLY TO DEFENDANT OPEN INTERNATIONAL, LLC'S COUNTERCLAIMS**

---

Plaintiff the City of Fort Collins (the "City"), by and through its undersigned counsel, submits its Reply to Defendant Open International, LLC's ("Open") Counterclaims as follows[1]:

**PRELIMINARY STATEMENT**

1. With respect to Paragraph 1 of the Counterclaims, the City avers that Fort Collins Utilities has a CIS system that supports its four traditional utilities for more than twenty years but denies that it is "homegrown." The City denies any remaining allegations contained in Paragraph 1 of the Counterclaims.

2. The City admits Paragraph 2 of the Counterclaims.

---

[1] The City and Open are each referenced as a "Party" and collectively as "Parties."

3.      With respect to Paragraph 3 of the Counterclaims, the City admits that the large-scale services required a sophisticated software solution.  As to the alleged municipal revenue per year, Paragraph 3 does not identify any specific year and thus the City lacks sufficient knowledge and information to admit or deny the allegation and therefore denies the same.

4.      With respect to Paragraph 4 of the Counterclaims, the City avers that Open represented in its response to the City's Request for Proposals ("RFP") that it had "30 years of experience implementing CIS solutions for utility service providers."  However, the City lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 4 of the Counterclaims and therefore denies the same.

5.      With respect to Paragraph 5 of the Counterclaims, the City admits that Open responded to the City's RFP to provide the City's new software system.  The City denies any remaining allegations contained in Paragraph 5 of the Counterclaims.

6.      With respect to Paragraph 6 of the Counterclaims, the City admits that following the RFP process, the City chose Open for the project to implement the proposed solution for operating and billing the City's broadband and utilities services.  The MPSA set forth the total initial contract price of $7,346,700.  The City denies any remaining allegations contained in Paragraph 6 of the Counterclaims.

7.      With respect to Paragraph 7 of the Counterclaims, the City admits that the project was bifurcated but denies that the City "chose to" bifurcate the project.  The City avers that Open initially proposed the implementation plan with two rollouts in its RFP response.  The City admits that the Parties agreed, in the SOW, to launch the broadband software solution in June

2019 and the utilities portion in September 2019, with full project closure occurring January 1, 2020.

8.      With respect to Paragraph 8 of the Counterclaims, the City admits that this was a multi-million-dollar project and avers that the Parties knew and agreed that the project would require the Parties' compliance with the terms of the MPSA (and all incorporated agreements). The City denies that the original project schedule was intended to be a "multi-year" project and avers that the schedule for the project was set forth in the agreements.  The City denies any remaining allegations contained in Paragraph 8 of the Counterclaims.

9.      With respect to Paragraph 9 of the Counterclaims, the City was aware that Open had not previously implemented its product in the United States but denies that Open represented that the City would be the first customer for which Open would implement a "comprehensive product" or that this was a "groundbreaking project" for Open.  Rather, Open represented that it had "30 years of experience implementing CIS solutions for utility service providers" and "over 100 CIS implementations across the Americas."  Open further represented that Open Smartflex was introduced in 2004 and currently in "its fifth product generation," that it was a single product platform to support utilities and telecommunication service providers, and that "Open complies with the vast majority of the functional and technical requirements of [the City's] RFP with one single and uniform product: Open Smartflex."  The City denies that it knew or accepted that due to Open's misrepresentations, that Open was incapable of actually carrying on the project without "extensive participation" by the City--which was beyond what Open represented was required based on their represented capabilities and the functionalities of the system.  The City denies any remaining allegations in Paragraph 9 of the Counterclaims.

10.     With respect to Paragraph 10 of the Counterclaims, the MPSA speaks for itself. To the extent that any allegation in Paragraph 10 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of the MSPA, the City denies the same.

11.     With respect to Paragraph 11 of the Counterclaims, the quoted statement is undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 11 of the Counterclaims.

12.     The City denies Paragraph 12 of the Counterclaims.

13.     With respect to Paragraph 13 of the Counterclaims, the quoted statement is undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 13 of the Counterclaims.

14.     The City denies Paragraph 14 of the Counterclaims.

15.     The City denies Paragraph 15 of the Counterclaims.

16.     With respect to Paragraph 16 of the Counterclaims, the quoted statement is undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 16 of the Counterclaims.

17.     With respect to Paragraph 17 of the Counterclaims, the City denies that Open delivered a broadband solution that met all of the requirements under the contracts in summer 2019.  Rather, the broadband solution was launched out of necessity to support broadband but the product did not meet the requirements of the functional matrix.  The City admits that certain

payments were made to Open.  As to the quoted language, it is undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies any remaining allegations contained in Paragraph 17 of the Counterclaims.

18.     The City denies Paragraph 18 of the Counterclaims.

19.     With respect to Paragraph 19 of the Counterclaims, the alleged acknowledgements are not quoted, undated, not attributed to a specific person, and/or does not purport to be a complete statement.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 19 of the Counterclaims.

20.     With respect to Paragraph 20 of the Counterclaims, the alleged statements are undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 20 of the Counterclaims.

21.     With respect to Paragraph 21 of the Counterclaims, the alleged statements are undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 21 of the Counterclaims.

22.     With respect to Paragraph 22 of the Counterclaims, the quoted statements are undated, incomplete, not attributed, and/or taken out of context.  Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 22 of the Counterclaims.

23.     The City denies Paragraph 23 of the Counterclaims.

24.     With respect to Paragraph 24 of the Counterclaims, the quoted statements are undated, incomplete, not attributed, and/or taken out of context.   Any statements speak for themselves and the City denies that they fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 24 of the Counterclaims.

25.     With respect to Paragraph 25 of the Counterclaims, the City admits that Open sent a letter purporting to provide notice of alleged defaults under the MPSA but denies the allegations contained therein.   The City admits that Open had not stabilized the broadband software solution or implemented the utilities software but denies those failures were caused by the City.   The City denies the remaining allegations contained in Paragraph 25 of the Counterclaims.

26.     With respect to Paragraph 26 of the Counterclaims, the May 19, 2021, letter speaks for itself but the City denies the allegations contained therein.  The City avers that Open skipped the "Notice of Dispute" procedures of the MPSA entirely in sending the purported notice of default.  The City denies that the letter stated that Open would "require payment of millions of dollars for retained fees and unpaid work" and avers that no such statement is included in the letter.   The City denies any remaining allegations contained in Paragraph 26 of the Counterclaims.

27.     With respect to Paragraph 27 of the Counterclaims, the City admits that it sent a "Notice of Dispute and Notice of Termination pursuant to Sections 13 and 17 of the Master Professional Services Agreement" to Open on May 28, 2021.  The City denies that it did not

provide Open with notice of Open's defaults.  The City denies any remaining allegations contained in Paragraph 27 of the Counterclaims.

28.     With respect to Paragraph 28 of the Counterclaims, the City admits that the May 28, 2021, letter proposed a framework for resolution of the dispute, as required by Section 13.2 of the MPSA, and that the proposed framework for resolution included Open's continued support of "the broadband customer information system during a transition period until the City arranges for a new system."  The City denies any remaining allegations contained in Paragraph 28 of the Counterclaims.

29.     With respect to Paragraph 29 of the Counterclaims, the City admits that the Parties met in June 2021 to discuss the Parties' disputes but denies that the meeting was to "allow the City to cure its defaults."  The City admits that a 40-page proposal was provided, which speaks for itself and included significant additional costs to achieve the implementation promised.  The City denies the remaining allegations contained in Paragraph 29 of the Counterclaims.

30.     With respect to Paragraph 30 of the Counterclaims, the City admits that the project was not done and avers that the proposal speaks for itself.  The City denies any remaining allegations contained in Paragraph 30 of the Counterclaims.

31.     With respect to Paragraph 31 of the Counterclaims, the City admits that it commenced this action and avers that it filed the Complaint in Larimer County District Court on July 2, 2021. The City denies the remaining allegations contained in Paragraph 31 of the Counterclaims.

32.     The City denies Paragraph 32 of the Counterclaims.

33.     The City denies Paragraph 33 of the Counterclaims.

34.     With respect to Paragraph 34 of the Counterclaims, the City admits that it terminated the Parties' contract.  The City denies that Open was entitled to any payment and avers that the City is entitled to the return of all payments pursuant to its rescission request.  The City denies the remaining allegations contained in Paragraph 34 of the Counterclaims.

35.     The City denies Paragraph 35 of the Counterclaims.

36.     The City denies Paragraph 36 of the Counterclaims.

**PARTIES, VENUE, AND JURISDICTION**

37.     The City admits Paragraph 37 of the Counterclaims.

38.     The City admits Paragraph 38 of the Counterclaims.

39.     With respect to Paragraph 39 of the Counterclaims, the City denies that Open is entitled to millions of dollars in damages under its counterclaims.  The City admits that this Court has original jurisdiction over the action and supplemental jurisdiction over the counterclaims.

40.     With respect to Paragraph 40 of the Counterclaims, the City denies that it filed its Complaint "in this Court" (i.e. the United States District Court for the District of Colorado) and avers that it filed its Complaint in Larimer County, District Court.  The City admits that it is a Colorado municipality and that this Court has personal jurisdiction over it.

41.     With respect to Paragraph 41 of the Counterclaims, the City admits that venue is proper in this district under 28 U.S.C. § 1391(b).  The City denies the allegations constituting any "events and omissions" by the City contained in the Counterclaims.

### GENERAL ALLEGATIONS

**A.**     **With respect to heading "A" under "General Allegations," the City admits that it sought responses to its RFP for utilities and broadband billing and that it subsequently selected Open.**

42.     With respect to Paragraph 42 of the Counterclaims, the City admits that in February 2018, it published a Request for Proposal 8697 for "Vendor Selection and Implementation of a Comprehensive Solution for Utilities/Broadband Billing (CIS/OSS)" and that Open responded submitting its proposal to the City's RFP.  The City denies that it "opted to develop a single software system" and avers that it needed a way to provide customer care and billing services for Fort Collins Connexion customers and sought to engage an experienced partner and a mature, well developed, real-world tested product that would handle both its new Connexion municipal broadband service and its existing utilities.  The City denies any remaining allegations contained in Paragraph 42 of the Counterclaims.

43.     With respect to Paragraph 43 of the Counterclaims, the City avers that Open represented in its response to the RFP that it had "over 100 CIS implementation across the Americas."  However, the City lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 43 of the Counterclaims and therefore denies the same.

44.     The City lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 44 of the Counterclaims and therefore denies the same.

45.     With respect to Paragraph 45 of the Counterclaims, the City avers that it reviewed proposals from various vendors in response to the RFP.  The City lacks sufficient knowledge and information to admit or deny as to what vendors were "equipped" to do or what they actually

"could provide" and therefore denies the same.  The City further denies that it interacted with "all" such vendors.  The City denies any remaining allegations contained in Paragraph 45 of the Counterclaims.

46.     The City admits Paragraph 46 of the Counterclaims.

47.     With respect to Paragraph 47 of the Counterclaims, the City admits that the City and Open participated in a due diligence process with various individuals and in various areas. The City denies any remaining allegations contained in Paragraph 47 of the Counterclaims.

48.     With respect to Paragraph 48 of the Counterclaims, the City denies that it agreed to a "term sheet" but admits that the Parties entered into a Memorandum of Understanding ("MOU"), dated June 15, 2018, which speaks for itself.  To the extent that any allegation in Paragraph 48 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of the MOU, the City denies the same.

49.     With respect to Paragraph 49 of the Counterclaims, the City admits that the Parties executed the MPSA on August 9, 2018, and avers that the MPSA speaks for itself.  To the extent that any allegation in Paragraph 49 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of the MPSA, the City denies the same.

50.     With respect to Paragraph 50 of the Counterclaims, the City admits that the MPSA incorporated the Statement of Work ("SOW"), among other things (including the requirements of the RFP and Open's proposal in response to the RFP) and avers that the SOW speaks for itself.  To the extent that any allegation in Paragraph 50 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of the MPSA or the SOW, the City denies the same.

**B.     With respect to heading "B" under "General Allegations," there are no allegations against the City and no response is required.**

51.     The City admits Paragraph 51 of the Counterclaims.

52.     With respect to Paragraph 52 of the Counterclaims, the City admits that the Parties worked together to create the project timeline set forth in Section 5 of the SOW but avers that Open initially proposed the timeline in the response to the RFP and took the lead on the project schedule with input from the City.  As to the remaining allegations, Section 5 of the SOW speaks for itself.  To the extent that any allegation contained in Paragraph 52 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 5 of the SOW, the City denies the same.  The City denies any remaining allegations contained in Paragraph 52 of the Counterclaims.

53.     With respect to Paragraph 53 of the Counterclaims, Sections 6 and 13.1 of the SOW speak for themselves.  To the extent that any allegation in Paragraph 53 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Sections 6 or 13.1 of the SOW, the City denies the same.  The City denies any remaining allegations contained in Paragraph 53 of the Counterclaims.

54.     With respect to Paragraph 54 of the Counterclaims, Sections 3.2, 4.2.3.2, 5.2, and 6.3 of the SOW speak for themselves.  To the extent that any allegation in Paragraph 54 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Sections 3.2, 4.2.3.2, 5.2 or 6.3 of the SOW, the City denies the same.  The City denies any remaining allegations contained in Paragraph 54 of the Counterclaims.

55.     With respect to Paragraph 55 of the Counterclaims, Section 13.4 of the SOW speaks for itself.  To the extent that any allegation in Paragraph 55 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 13.4 of the SOW, the City denies the same.   The City denies any remaining allegations contained in Paragraph 55 of the Counterclaims.

56.     With respect to Paragraph 56 of the Counterclaims, Section 13.4 of the SOW speaks for itself.  To the extent that any allegation in Paragraph 56 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 13.4 of the SOW, the City denies the same.   The City denies any remaining allegations contained in Paragraph 56 of the Counterclaims.

57.     With respect to Paragraph 57 of the Counterclaims, Section 13.4 of the SOW speaks for itself.  To the extent that any allegation in Paragraph 57 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 13.4 of the SOW, the City denies the same.   The City denies any remaining allegations contained in Paragraph 57 of the Counterclaims.

58.     With respect to Paragraph 58 of the Counterclaims, Section 3.1 of the MPSA speaks for itself.  To the extent that any allegation in Paragraph 58 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 3.1 of the MPSA, the City denies the same.   The City denies any remaining allegations contained in Paragraph 58 of the Counterclaims.

59.     With respect to Paragraph 59 of the Counterclaims, Section 3.2 of the MPSA speaks for itself.  To the extent that any allegation in Paragraph 59 of the Counterclaims conflicts

with, adds to or otherwise seeks to change the terms of Section 3.2 of the MPSA, the City denies the same.  The City denies any remaining allegations contained in Paragraph 59 of the Counterclaims.

60.     With respect to Paragraph 60 of the Counterclaims, Sections 4.1 through 4.3 of the MPSA speak for themselves.  To the extent that any allegation in Paragraph 60 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Sections 4.1 through 4.3 of the MPSA, the City denies the same.  The City denies any remaining allegations contained in Paragraph 60 of the Counterclaims.

61.     With respect to Paragraph 61 of the Counterclaims, Sections 6.1 through 6.3 of the MPSA speak for themselves.  To the extent that any allegation in Paragraph 61 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Sections 6.1 through 6.3 of the MPSA, the City denies the same.  The City denies any remaining allegations contained in Paragraph 61 of the Counterclaims.

62.     With respect to Paragraph 62 of the Counterclaims, Section 8.2 of the MPSA speaks for itself.  To the extent that any allegation in Paragraph 62 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 8.2 of the MPSA, the City denies the same.  The City denies any remaining allegations contained in Paragraph 62 of the Counterclaims.

63.     With respect to Paragraph 63 of the Counterclaims, Section 8.2 of the MPSA speaks for itself.  To the extent that any allegation in Paragraph 63 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 8.2 of the MPSA, the City denies

the same.   The City denies any remaining allegations contained in Paragraph 63 of the Counterclaims.

64.     With respect to Paragraph 64 of the Counterclaims, Section 13.2 of the MPSA speaks for itself.  To the extent that any allegation in Paragraph 64 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 13.2 of the MPSA, the City denies the same.  The City denies any remaining allegations contained in Paragraph 64 of the Counterclaims.

65.     With respect to Paragraph 65 of the Counterclaims, Section 13.6 of the MPSA speaks for itself.  To the extent that any allegation in Paragraph 65 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 13.6 of the MPSA, the City denies the same.  The City denies any remaining allegations contained in Paragraph 65 of the Counterclaims.

**C.     The City denies heading "C" under "General Allegations."**

66.     With respect to Paragraph 66 of the Counterclaims, Section 5.2 of the SOW speaks for itself.  To the extent that any allegation in Paragraph 66 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of Section 5.2 of the SOW, the City denies the same.   The City denies any remaining allegations contained in Paragraph 66 of the Counterclaims.

67.     The City denies Paragraph 67 of the Counterclaims.

68.     With respect to Paragraph 68 of the Counterclaims, the alleged statements are not quoted, undated, not attributed to a specific person, and/or do not purport to be a complete statement.   Any statement speaks for itself but the City denies that it fully characterizes the

issues with Open.  The City denies any remaining allegations contained in Paragraph 68 of the Counterclaims.

69.     With respect to Paragraph 69 of the Counterclaims, the June 2020 memorandum speaks for itself and the City denies that the selected quotations fully characterize the issues with Open.  The City denies any remaining allegations contained in Paragraph 69 of the Counterclaims.

70.     With respect to Paragraph 70 of the Counterclaims, the alleged statements do not identify a source, are undated, are not attributed to a specific person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that the selected quotations fully characterize the issues with Open.  The City denies any remaining allegations contained in Paragraph 70 of the Counterclaims.

71.     With respect to Paragraph 71 of the Counterclaims, the alleged statements do not identify a source, are undated, are not attributed to a specific person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that the selected quotations fully characterize the issues with Open.  The City denies any remaining allegations contained in Paragraph 71 of the Counterclaims.

i.     **The City denies subheading "i" of heading "C" under "General Allegations."**

72.     With respect to Paragraph 72 of the Counterclaims, the Parties agreed, during the negotiation process, to the terms set forth in the integrated contracts, which terms speak for themselves.  To the extent that the allegations in Paragraph 72 of the Counterclaims seek to

contradict, add to or otherwise change the terms of the integrated contracts, the City denies the same.

73.     With respect to Paragraph 73 of the Counterclaims, the City admits that it issued an RFP for an external project manager.  The City denies the remaining allegations contained in Paragraph 73 of the Counterclaims.

74.     The City denies Paragraph 74 of the Counterclaims.

75.     With respect to Paragraph 75 of the Counterclaims, the City admits that a decision was made to use internal resources.  The City denies the remaining allegations contained in Paragraph 75 of the Counterclaims.

76.     With respect to Paragraph 76 of the Counterclaims, the MPSA speaks for itself. To the extent that the allegations in Paragraph 76 of the Counterclaims conflict with, add to or otherwise seek to change the terms of the MPSA, the City denies the same.  The City denies the remaining allegations contained in Paragraph 76 of the Counterclaims.

77.     The City denies Paragraph 77 of the Counterclaims.

78.     The City denies Paragraph 78 of the Counterclaims.

79.     The City denies Paragraph 79 of the Counterclaims.

80.     The City denies Paragraph 80 of the Counterclaims.

81.     The City denies Paragraph 81 of the Counterclaims.

82.     The City denies Paragraph 82 of the Counterclaims.

83.     With respect to Paragraph 83 of the Counterclaims, the City admits that it engaged Dr. Michelle Frey to perform project management duties.   The City denies the remaining allegations contained in Paragraph 83 of the Counterclaims.

84.     With respect to Paragraph 84 of the Counterclaims, the alleged statements do not identify a source document, are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Dr. Frey's statements speak for themselves and the City denies that they fully characterize the issues with Open.   The City denies any remaining allegations contained in Paragraph 84 of the Counterclaims.

85.     With respect to Paragraph 85 of the Counterclaims, the alleged statements do not identify a source document, are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Dr. Frey's statements speak for themselves and the City denies that they fully characterize the issues with Open.   The City denies any remaining allegations contained in Paragraph 85 of the Counterclaims.

86.     With respect to Paragraph 86 of the Counterclaims, the City admits that Dr. Frey resigned as project manager and that the City appointed a project manager.  The City denies the remaining allegations contained in Paragraph 86 of the Counterclaims.

87.     With respect to Paragraph 87 of the Counterclaims, the City lacks sufficient knowledge or information as to what Open "quickly determined" and therefore denies the same. The City admits that there was another project manager.   The City denies any remaining allegations contained in Paragraph 87 of the Counterclaims.

88.     The City denies Paragraph 88 of the Counterclaims.

**ii.     The City denies subheading "ii" of heading "C" under "General Allegations."**

89.     The City denies Paragraph 89 of the Counterclaims.

90.     With respect to Paragraph 90 of the Counterclaims, the City admits that certain contracts were entered after the beginning of the process with Open.  The City denies the remaining allegations contained in Paragraph 90 of the Counterclaims.

91.     The City denies Paragraph 91 of the Counterclaims.

92.     The City denies Paragraph 92 of the Counterclaims.

93.     The City denies Paragraph 93 of the Counterclaims.

94.     With respect to Paragraph 94 of the Counterclaims, the MPSA and related agreements set forth the project timeline and speak for themselves.  The City denies the remaining allegations contained in Paragraph 94 of the Counterclaims.

95.     With respect to Paragraph 95 of the Counterclaims, the City admits that the focus shifted to broadband, following the delays and issued caused by Open, in order to support the launch of the broadband system.  The City denies the remaining allegations contained in Paragraph 95 of the Counterclaims.

96.     The City denies Paragraph 96 of the Counterclaims.

97.     With respect to Paragraph 97 of the Counterclaims, the City admits it had to perform a variety of work related to definitions and configuration.  The City denies the remaining allegations contained in Paragraph 97 of the Counterclaims.

98.     With respect to Paragraph 98 of the Counterclaims, the City admits it had to perform a variety of work related to planning and configuration, even as implementation was underway.  The City denies the remaining allegations contained in Paragraph 98 of the Counterclaims.

99.     The City denies Paragraph 99 of the Counterclaims.

**D.     The City denies heading "D" under "General Allegations."**

100.    With respect to Paragraph 100 of the Counterclaims, the City admits that Open delivered broadband software that only supported basic functionality and did not meet the requirements of the contracts.  The City denies the remaining allegations contained in Paragraph 100 of the Counterclaims.

101.    With respect to Paragraph 101 of the Counterclaims, the City admits that it received broadband software but denies that Open delivered a broadband solution that met the requirements under the contracts in summer 2019.  Rather, the broadband solution was launched out of necessity to support broadband but the product did not meet the requirements of the functional matrix.  The City admits certain payments were made.  The City denies any remaining allegations contained in Paragraph 101 of the Counterclaims.

102.    The City denies Paragraph 102 of the Counterclaims.

103.    With respect to Paragraph 103 of the Counterclaims, the City admits that the products and business processes were still in the process of being configured but denies the remaining allegations contained in Paragraph 103 of the Counterclaims.

104.    With respect to Paragraph 104 of the Counterclaims, the City admits that the products were still in the process of being configured but denies the remaining allegations contained in Paragraph 104 of the Counterclaims.

105.    With respect to Paragraph 105 of the Counterclaims, the City admits that it decided to launch broadband software for Fort Collins residents despite the delays and issues caused by Open and its system.  The City denies any remaining allegations contained in Paragraph 105 of the Counterclaims.

106.    With respect to Paragraph 106 of the Counterclaims, the alleged statements do not identify a source, are undated, are not attributed to a named person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies any remaining allegations contained in Paragraph 106 of the Counterclaims.

107.    With respect to Paragraph 107 of the Counterclaims, the alleged statements do not identify a source, are undated, are not attributed to a named person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies any remaining allegations contained in Paragraph 107 of the Counterclaims

**E.    The City denies heading "E" under "General Allegations."**

108.    With respect to Paragraph 108 of the Counterclaims, the City admits that following the launch of broadband, the City worked on utilities implementation trying to address the delays and issues caused by Open.  The City avers that Open caused the project to be months behind schedule.  The City denies the remaining allegations contained in Paragraph 108 of the Counterclaims.

109.    With respect to Paragraph 109 of the Counterclaims, the City admits that there was much work to complete in relation to both broadband and utilities due to the delays and issues caused by Open.  The City avers that certain change orders pertained to staffing.  The City denies the remaining allegations contained in Paragraph 109 of the Counterclaims.

110.    The City denies Paragraph 110 of the Counterclaims.

111.    With respect to Paragraph 111 of the Counterclaims, the City admits that Mike Beckstead was assigned to the project and negotiated with Open to enter into a First Amendment to the MPSA, which speaks for itself.  To the extent that the allegations in Paragraph 111 of the Counterclaims conflict with, add to or otherwise seek to change the terms of the First Amendment, the City denies the same.  The City denies any remaining allegations contained in Paragraph 111 of the Counterclaims.

112.    The City denies Paragraph 112 of the Counterclaims.

113.    With respect to Paragraph 113 of the Counterclaims, the SOW speaks for itself.  To the extent that the allegations in Paragraph 113 of the Counterclaims conflict with, add to or otherwise seek to change the terms of the SOW, the City denies the same.  The City denies any remaining allegations contained in Paragraph 113 of the Counterclaims.

114.    With respect to Paragraph 114 of the Counterclaims, the City's obligations are set forth in the MPSA.  To the extent that the allegations in Paragraph 114 of the Counterclaims conflict with, add to or otherwise seek to change the obligations set forth in the MSPA, the City denies the same.

115.    The City denies Paragraph 115 of the Counterclaims.

116.    With respect to Paragraph 116 of the Counterclaims, the City admits that testing was delayed but denies that the delays were caused by the City.  The City denies the remaining allegations contained in Paragraph 116 of the Counterclaims.

117.    With respect to Paragraph 117 of the Counterclaims, the alleged statements are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully

characterize the issues with Open.   The City denies the remaining allegations contained in Paragraph 117 of the Counterclaims.

118.    With respect to Paragraph 118 of the Counterclaims, the City admits that the Parties reached an agreement on an amended MPSA.  The City denies the remaining allegations contained in Paragraph 118 of the Counterclaims.

119.    The City denies Paragraph 119 of the Counterclaims.

120.    With respect to Paragraph 120 of the Counterclaims, the City admits that the executive director for utilities left the City during May of 2020.  The City denies the remaining allegations contained in Paragraph 120 of the Counterclaims.

121.    The City denies Paragraph 121 of the Counterclaims.

i.    **The City denies subheading "i" of heading "E" under "General Allegations."**

122.    With respect to Paragraph 122 of the Counterclaims, the City admits that the parties entered into a First Amendment to the MPSA, dated June 2, 2020.  The First Amendment speaks for itself.  The City denies any remaining allegation contained in Paragraph 122 of the Counterclaims.

123.    With respect to Paragraph 123 of the Counterclaims, the First Amendment speaks for itself.  To the extent that any allegation contained in Paragraph 123 of the Counterclaims conflicts with, adds to or otherwise seeks to change the terms of the First Amendment, the City denies the same.

124.    With respect to Paragraph 124 of the Counterclaims, the quoted statements  do not identify a source, are undated, are not attributed to a specific person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for

themselves and the City denies that such statements fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 124 of the Counterclaims.

125.    With respect to Paragraph 125 of the Counterclaims, the quoted statements are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 125 of the Counterclaims.

126.    With respect to Paragraph 126 of the Counterclaims, the quoted statements are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 126 of the Counterclaims.

127.    With respect to Paragraph 127 of the Counterclaims, the quoted statements are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 127 of the Counterclaims.

128.    With respect to Paragraph 128 of the Counterclaims, the quoted statements are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 128 of the Counterclaims.

129.    With respect to Paragraph 129 of the Counterclaims, the quoted statements do not identify a source, are undated, are not attributed to a specific person, are removed from their broader context, and/or do not purport to be a complete statement.  Any memorandum speaks for itself but the City denies that it fully characterizes the issues with Open.  The City denies the remaining allegations contained in Paragraph 129 of the Counterclaims.

130.    With respect to Paragraph 130 of the Counterclaims, the quoted statements are undated, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that such statements fully characterize the issues with Open.  The City denies the remaining allegations contained in Paragraph 130 of the Counterclaims.

ii.    **The City denies subheading "ii" of heading "E" under "General Allegations."**

131.    The City denies Paragraph 131 of the Counterclaims.

132.    With respect to Paragraph 132 of the Counterclaims, the City admits that system testing began in June 2020 and that all of the prerequisites were not completed due to, in part, issues and delays caused by Open.  The City further avers that both Open and the City decided to move forward with testing.  The City denies the remaining allegations contained in Paragraph 132 of the Counterclaims.

133.    With respect to Paragraph 133 of the Counterclaims, the City admits that system testing began in June 2020 and that all of the prerequisites were not completed due to, in part, issues and delays caused by Open.  The City further avers that both Open and the City decided to move forward with testing.  The City denies the remaining allegations contained in Paragraph 133 of the Counterclaims.

134.    The City denies Paragraph 134 of the Counterclaims.

135.    With respect to Paragraph 135 of the Counterclaims, the City admits that additional delays took place as Open's system lacked the functionalities promised.  The City denies the remaining allegations contained in Paragraph 135 of the Counterclaims.

136.    The City denies Paragraph 136 of the Counterclaims.

137.    The City admits Paragraph 137 of the Counterclaims.

138.    The City denies Paragraph 138 of the Counterclaims.

139.    The City denies Paragraph 139 of the Counterclaims.

140.    The City denies Paragraph 140 of the Counterclaims.

141.    With respect to Paragraph 141 of the Counterclaims, the City admits that a program manager was appointed in November 2020.  The City denies the remaining allegations contained in Paragraph 141 of the Counterclaims.

142.    With respect to Paragraph 142 of the Counterclaims, the City admits that broadband was prioritized.  The City denies the remaining allegations contained in Paragraph 142 of the Counterclaims.

143.    The City denies Paragraph 143 of the Counterclaims.

144.    With respect to Paragraph 144 of the Counterclaims, the City admits that broadband was the priority and that staff focused on the deployment of new broadband products. The City denies the remaining allegations contained in Paragraph 144 of the Counterclaims.

145.    The City denies Paragraph 145 of the Counterclaims.

146.    With respect to Paragraph 146 of the Counterclaims, the alleged statements do not identify a source, are undated, and are not attributed to any specific person.  Any statements by

representatives of the City speak for themselves and based on the lack of specifics, the City denies the same.  The City denies any remaining allegations contained in Paragraph 146 of the Counterclaims.

147.    The City denies Paragraph 147 of the Counterclaims

148.    The City denies Paragraph 148 of the Counterclaims.

**iii.    The City denies subheading "iii" of heading "E" under "General Allegations."**

149.    With respect to Paragraph 149 of the Counterclaims, the alleged statements made do not identify a source, are undated, are not attributed to a specific person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements made speak for themselves and the City denies that such statements fully characterize the issues with Open.   The City denies the remaining allegations contained in Paragraph 149 of the Counterclaims.

150.    With respect to Paragraph 150 of the Counterclaims, the quoted statements do not identify a source, are undated, are not attributed to a named person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that the selected quotations fully characterize the issues with Open.   The City denies the remaining allegations contained in Paragraph 150 of the Counterclaims.

151.    With respect to Paragraph 151 of the Counterclaims, the quoted statements do not identify a source, are undated, are not attributed to a named person, are removed from their broader context, and/or do not purport to be a complete statement.  Any statements speak for themselves and the City denies that the selected quotations fully characterize the issues with

Open.   The City denies the remaining allegations contained in Paragraph 151 of the Counterclaims.

152.    With respect to Paragraph 152 of the Counterclaims, the quoted statement does not identify a source, is undated, is not attributed to a specific person, is removed from its broader context, and/or does not purport to be a complete statement.  Any statements speak for themselves and the City denies that the selected quotation fully characterizes the issues with Open.   The City denies the remaining allegations contained in Paragraph 152 of the Counterclaims.

**F.      With respect to heading "F" under "General Allegations," Project Change Request 29 speaks for itself.   The City denies the remaining allegations contained in heading "F" under "General Allegations."**

153.    With respect to Paragraph 153 of the Counterclaims, Project Change Request 29 speaks for itself.  Additionally, the delays were caused by Open's delays and failures to deliver a product meeting the functionalities of the Parties' contracts.  The City denies any remaining allegations contained in Paragraph 153 of the Counterclaims.

154.    With respect to Paragraph 154 of the Counterclaims, Project Change Request 29 speaks for itself.  To the extent that the allegations in Paragraph 154 of the Counterclaims seek to contradict, add to or otherwise change the terms of the Project Change Request 29, the City denies the same.  The City avers that it had already provided Open with a preliminary non-prioritized issues list.  The City admits that it delivered an updated list in January 2021.  The City denies the remaining allegations contained in Paragraph 154 of the Counterclaims.

155.    With respect to Paragraph 155 of the Counterclaims, Project Change Request 29 speaks for itself.  To the extent that the allegations in Paragraph 155 of the Counterclaims seek to contradict, add to or otherwise change the terms of the Project Change Request 29, the City denies the same.

156.    The City admits Paragraph 156 of the Counterclaims, Project Change Request 29 speaks for itself.  To the extent that the allegations in Paragraph 156 of the Counterclaims seek to contradict, add to or otherwise change the terms of the Project Change Request 29, the City denies the same.

157.    The City denies Paragraph 157 of the Counterclaims.

158.    With respect to Paragraph 158 of the Counterclaims, the City admits that the Parties discussed the issues during a meeting of the Project Steering Committee.  The City denies the remaining allegations contained in Paragraph 158 of the Counterclaims.

159.    The City denies Paragraph 159 of the Counterclaims.

160.    With respect to Paragraph 160 of the Counterclaims, the City admits that it delivered multiple lists of broadband issues to Open.  The City denies the remaining allegations contained in Paragraph 160 of the Counterclaims.

161.    The City denies Paragraph 161 of the Counterclaims.

162.    With respect to Paragraph 162 of the Counterclaims, the City denies that the project manager resigned.  The City admits that a consultant was hired.  The City denies any remaining allegations contained in Paragraph 162 of the Counterclaims.

163.    The City denies Paragraph 163 of the Counterclaims.

164.    With respect to Paragraph 164 of the Counterclaims, the City admits that an on-site executive meeting was requested in 2021 with certain individuals to discuss the issues.  The City denies the remaining allegations contained in Paragraph 164 of the Counterclaims.

165.    With respect to Paragraph 165 of the Counterclaims, the City admits that the City introduced the new project manager and that the Parties discussed the issues.  The City denies any remaining allegations contained in Paragraph 165 of the Counterclaims.

166.    With respect to Paragraph 166 of the Counterclaims, the City avers that the self-service solution had been tested and issues identified to Open were not addressed by Open.  The City denies the remaining allegations contained in Paragraph 166 of the Counterclaims.

167.    With respect to Paragraph 167 of the Counterclaims, the City admits that at a meeting, the Parties discussed identifying business owners. The City denies the remaining allegations contained in Paragraph 167 of the Counterclaims.

168.    With respect to Paragraph 168 of the Counterclaims, the City lacks sufficient knowledge and information to admit or deny the allegations set forth therein and therefore denies the same.

**G.    With respect to heading "G" under "General Allegations," the City admits Open sent the City a letter and also admits that the City terminated the contracts.  The City denies the remaining allegations contained in heading "G" under "General Allegations."**

169.    With respect to Paragraph 169 of the Counterclaims, the City admits that Open did not complete the project.  The City denies the remaining allegations contained in Paragraph 169 of the Counterclaims.

170.    With respect to Paragraph 170 of the Counterclaims, the City admits that Open sent a letter to the City on May 19, 2021, but denies the allegations contained therein.  The May 19, 2021, letter speaks for itself but the City denies the allegations contained therein.  The City denies any remaining allegations contained in Paragraph 170 of the Counterclaims.

171.    With respect to Paragraph 171 of the Counterclaims, the City denies that it breached the MPSA and therefore avers that it was not required to cure any breaches.  The City denies any remaining allegations contained in Paragraph 171 of the Counterclaims.

172.    The City denies Paragraph 172 of the Counterclaims.

173.    With respect to Paragraph 173 of the Counterclaims, the City admits that it sent a "Notice of Dispute and Notice of Termination pursuant to Sections 13 and 17 of the Master Professional Services Agreement" to Open on May 28, 2021.  The City denies that it did not provide Open with notice of Open's defaults.   The City denies the remaining allegations contained in Paragraph 173 of the Counterclaims.

174.    With respect to Paragraph 174 of the Counterclaims, the City admits that the May 28, 2021, letter proposed a framework for resolution of the dispute, as required by Section 13.2 of the MPSA, and that the proposed framework for resolution included Open's continued support of "the broadband customer information system during a transition period until the City arranges for a new system."  The City denies any remaining allegations contained in Paragraph 174 of the Counterclaims.

175.    With respect to Paragraph 175 of the Counterclaims, the City admits that the Parties sought to resolve their respective disputes and met in late June, but denies that the meeting was solely with respect to Open's dispute with the City.  Additionally, Open's proposal

speaks for itself.  The City denies any remaining allegations contained in Paragraph 175 of the Counterclaims.

176.    With respect to Paragraph 176 of the Counterclaims, Open's proposal speaks for itself.   The City denies the remaining allegations contained in Paragraph 176 of the Counterclaims.

177.    With respect to Paragraph 177 of the Counterclaims, the City admits that it filed a lawsuit against Open.  The City denies the remaining allegations contained in Paragraph 177 of the Counterclaims.

178.    With respect to Paragraph 178 of the Counterclaims, the City denies that Open was entitled to any payment and avers that the City is entitled to the return of all payments pursuant to its rescission request.   The City denies the remaining allegations contained in Paragraph 178 of the Counterclaims.

179.    The City denies Paragraph 179 of the Counterclaims.

180.    The City denies Paragraph 180 of the Counterclaims.

181.    With respect to Paragraph 181 of the Counterclaims, the City admits that it hired Open per the terms of the Parties' contracts.  The City denies the remaining allegations contained in Paragraph 181 of the Counterclaims.

182.    The City denies Paragraph 182 of the Counterclaims.

183.    The City denies Paragraph 183 of the Counterclaims.

<div align="center">

**COUNTERCLAIM ONE**
**(Breach of Contract)**

</div>

184.    In response to Paragraph 184 of the Counterclaims, the City incorporates its responses to Paragraphs 1 through 183, above, by reference as if fully set forth herein.

185.     With respect to Paragraph 185 of the Counterclaims, the City admits that the MPSA, including all incorporated agreements and amendments, are valid and enforceable contracts between the Parties.

186.     The City denies Paragraph 186 of the Counterclaims.

187.     The City denies Paragraph 187 of the Counterclaims, including all subparts.

188.     The City denies Paragraph 188 of the Counterclaims.

**COUNTERCLAIM TWO**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

189.     In response to Paragraph 189 of the Counterclaims, the City incorporates its responses to Paragraphs 1 through 188, above, by reference as if fully set forth herein.

190.     With respect to Paragraph 190 of the Counterclaims, the City admits that the MPSA, including all incorporated agreements and amendments, are valid and enforceable contracts between the Parties.

191.     Paragraph 191 of the Counterclaims seeks a legal determination and therefore no response is required.

192.     With respect to Paragraph 192 of the Counterclaims, the City lacks sufficient knowledge and information to admit or deny what Open subjectively expected and therefore denies the same.  Additionally, the MPSA speaks for itself.

193.     The City denies Paragraph 193 of the Counterclaims, including all subparts.

194.     The City denies Paragraph 194 of the Counterclaims.

195.     The City denies Paragraph 195 of the Counterclaims.

## COUNTERCLAIM THREE
### (Declaratory Judgment)

196.   In response to Paragraph 196 of the Counterclaims, the City incorporates its responses to Paragraphs 1 through 195, above, by reference as if fully set forth herein.

197.   With respect to Paragraph 197 of the Counterclaims, the City admits that the MPSA, including all incorporated agreements and amendments, are valid and enforceable contracts between the Parties.

198.   With respect to Paragraph 198 of the Counterclaims, the MPSA speaks for itself. To the extent that the allegations contained in Paragraph 198 of the Counterclaims seek to contradict, add to or otherwise change the terms of the MPSA, the City denies the same.

199.   The City denies Paragraph 199 of the Counterclaims.

200.   With respect to Paragraph 200 of the Counterclaims, the City admits the project was delayed but avers the delays were caused by Open.  The City denies the remaining allegations contained in Paragraph 200 of the Counterclaims, including that Open performed all of its contractual obligations.

201.   With respect to Paragraph 201 of the Counterclaims, the City states that its Complaint filed in this case sets forth all of the City's allegations against Open, including that the City performed its obligations and that Open materially breached the Parties' agreements, among other things, as more fully set forth in the Complaint.  Accordingly, Open is not entitled to payment and the City is entitled to rescission and return of all payments.

202.   The City denies Paragraph 202 of the Counterclaims.

## REQUEST FOR RELIEF

203.   The City denies the entirety of Open's "WHEREFORE" clause of the Counterclaims, including subparagraphs 1 through 5 (the request for relief has two requests numbered "3").

## AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, the City expressly reserves the right to allege additional affirmative defenses as deemed necessary and appropriate based on discovery in this matter.

### FIRST AFFIRMATIVE DEFENSE

Open's counterclaims fail to state a claim for relief and seek damages that Open is not entitled to.

### SECOND AFFIRMATIVE DEFENSE

Open's counterclaims are barred by Open's fraud.

### THIRD AFFIRMATIVE DEFENSE

Open's prior material breach of the contracts precludes any alleged breaches of the contracts by the City.

### FOURTH AFFIRMATIVE DEFENSE

Open's counterclaims are barred because any acts or omissions by the City were not the proximate cause of Open's alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Open's damages, if any, were proximately caused or contributed to by its own actions or inactions.

## SIXTH AFFIRMATIVE DEFENSE

Open failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Open's damages, if any, were the result of its assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

Open failed to satisfy conditions precedent or other requirements of the contracts.

## NINTH AFFIRMATIVE DEFENSE

Open's counterclaims are barred by the equitable doctrine of laches, waiver, estoppel,

acceptance, acquiescence, and unclean hands.

Dated this 8th day of October, 2021.

<div style="margin-left:40%;">

_s/ Case L. Collard_

Case L. Collard
Andrea Ahn Wechter
Maral J. Shoaei
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, Colorado 80202-5549
Telephone: (303) 629-3400
Fax: (303) 629-3450
E-mail: collard.case@dorsey.com
E-mail: wechter.andrea@dorsey.com
E-mail: shoaei.maral@dorsey.com

and

_s/ John R. Duval_

John R. Duval
Deputy City Attorney
City of Fort Collins
P.O. Box 580
Fort Collins, CO 80522
Telephone: (970) 221-6520
E-mail: jduval@fcgov.com

**_Attorneys for Plaintiff_**

</div>

35

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2021, I caused the foregoing document, titled **PLAINTIFF CITY OF FORT COLLINS'S REPLY TO DEFENDANT OPEN INTERNATIONAL, LLC'S COUNTERCLAIMS**, to be filed via CM/ECF system which will send notification of such filing to the following:

Paul D. Swanson
Hannah E. Armentrout
Chris D. Mack
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8578
Fax: (303) 416-8814
Email: pdswanson@hollandhart.com
       hearmentrout@hollandhart.com
       cdmack@hollandhart.com

***Attorneys for Defendants***

*s/ Cheryl Duff*
Dorsey & Whitney LLP