# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02063-DDD-NYW

CITY OF FORT COLLINS,

    Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC

    Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

    Defendant.

---

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

---

The Parties stipulate to and request that this Court enter the following Stipulated Protective Order ("Order"):

## I.    INTRODUCTION

### 1.1. Purposes and Limitations

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in § 13.3, below, that this Protective Order does not entitle them to file confidential information under seal; D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

II.     **DEFINITIONS**

2.1.   <u>Action</u>: *City of Fort Collins v. Open International, Inc., et al.*, Case No. 21-cv-02063-DDD-NYW, the above-captioned lawsuit.

2.2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that constitute confidential research, development, commercial information, personal identifiable information, technical information, and financial data.

2.4.   <u>"HIGHLY CONFIDENTIAL – AEO" Information or Items</u>: extremely sensitive "Confidential" Information or Items, disclosure of which beyond Counsel of Record for a Receiving Party would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means, which may include (a) current and future business plans, methods, and strategies, except for advertisements or communications that have not been disclosed to the public; (b) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations—as distinct from the existence of the commercial relationship—out of the public domain; (c) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projects, profit calculations, income, and costs

2

(i.e., production, marketing, and overhead); or (d) relevant computer source code (which will also include "SOURCE CODE" designation as further described in Section 9 below).

2.5. Counsel: Outside Counsel of Record (as well as their support staff) and House Counsel that have entered an appearance (as well as one dedicated paralegal of such House Counsel, who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)).

2.6. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

2.7. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. An Expert as defined herein is not an existing employee or affiliate of a Party.

2.9. House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, and agents.

2.13. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – AEO" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

### III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### IV. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the

4

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Each Party agrees to designate information in good faith and if portions of Protected Material are needed by the Receiving Party, then the Parties agree to meet and confer in order to reach an agreement on appropriate protections or, as appropriate, revised designations. The Parties also agree that if either or both of them intend to use technology-assisted review to facilitate efficient production of electronic documents, the Parties will cooperate to reach an agreement on appropriate presumed protections for such productions and methods for revising such protections.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of § 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

5.3 <u>Designation in conformity with this Order requires</u>:

(a) for information in documentary form (e.g., paper or electronic documents including but not limited to produced documents, discovery requests, discovery responses, declarations, and pleadings, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page of a document that contains protected material if possible or in some other conspicuous manner (e.g. by providing metadata and/or filenames for electronic files indicating their designation).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL – AEO." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b)   for testimony given in deposition or in other pretrial or trial proceedings, a Designating Party may specify, at the proceeding or up to 21 days after the transcript becomes available, that the entire transcript or certain portions thereof shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – AEO" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.4 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. To be timely, a correction must be made within 7 days of the Producing Party's discovery of the inadvertent failure to designate. Upon timely correction, of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order

**VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under D.C.COLO.LCivR 7.1 and, if applicable, NYW Civ. Practice Standard 7.1 and 37.1, etc., by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under D.C.COLO.LCivR 7.1 and, if applicable, NYW Civ. Practice Standard 7.1 and 37.1, etc., within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      6.4      <u>Burden</u>. The burden of persuasion in any such proceeding will be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality

designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of § XIV below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and any House Counsel who has entered an appearance in this Action, as well as one dedicated paralegal of such House Counsel, who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) House Counsel who have not entered an appearance in this Action, as well as employees supporting any House Counsel to whom it is reasonably necessary to disclose the information for this Action, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9

(d) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise properly and lawfully possessed or knew the information independently of its disclosure pursuant to this Protective Order;

(j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – AEO" "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the categories of individuals identified in §§ 7.2(a) and 7.2(d)-(j). Such "HIGHLY CONFIDENTIAL" Information or Items shall not be disclosed to the designated individuals and entities identified in § 7.2(b) or (c) or any other employee or affiliate of any Party. Accordingly, House Counsel who have appeared in this Action and their dedicated paralegal who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) must take reasonable steps to avoid dissemination of such "HIGHLY CONFIDENTIAL" Information or Items to unauthorized

individuals, including, for example, by keeping such "HIGHLY CONFIDENTIAL" Information and Items in password-protected folders or in locked drawers. To the extent a Party believes that a § 7.2(b) or (c) individual or entity requires access to a particular category of "HIGHLY CONFIDENTIAL – AEO" Information or Items, it shall make that request in writing and the parties shall meet-and-confer to attempt to resolve the issue, and may raise the issue with the Court if necessary using the procedures provided in § VI of this Protective Order.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR SOUGHT BY OPEN RECORDS REQUESTS

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material produced in this Action, that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

If a Party receives an open-records request that seeks disclosure of Protected Material produced in this Action, that Party must:

11

(a)     invoke all applicable exceptions to the open-records law to prevent disclosure of Protected Material;

(b)     promptly notify in writing the Designating Party if it believes no exception applies or believe disclosure may be required despite an applicable exception. Such notification will include a copy of the request and any subsequent requests or orders related thereto; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

## IX.  SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – AEO" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – AEO" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request copies—in paper or PDF format, in the Producing Party's discretion—of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in a format including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies, shall not convert any of the information contained in the paper copies into any electronic format, shall not make additional paper or electronic copies unless such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

X. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

    (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)    promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)    make the information requested available for inspection by the Non-Party, if requested.

    (c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request, subject to this Protective Order. If the Non-Party timely seeks a separate protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

XII. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

   12.1 <u>502(d) Order and Clawback Procedure</u>**.** This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Protective Order, if the Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection, or other applicable privilege or immunity ("Protected Information"), the disclosure <u>alone</u> of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege, work product protection, or other applicable privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

   (a) This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

   (b) Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this litigation, <u>except insofar as a party intentionally uses, relies upon, or permits the use or reliance of a document and/or information,</u> shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

   (c) A Producing Party must notify the Receiving Party who received the Protected Information, in writing, that it has disclosed that Protected Information without intending a waiver

by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

   (d) Consistent with the Colorado Rules of Professional Conduct, as construed by Formal Ethics Opinion 108, even without receiving notice that a privileged or protected document was inadvertently produced, if the receiving Party believes the producing Party inadvertently produced Discovery Materials subject to a privilege or protection, the receiving Party must stop reviewing the document or information it believes is subject to a privilege or protection, notify the producing Party, and abide by the producing Party's instructions.

   (e) This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d). ~~The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence~~.

   12.2 <u>Contesting Claim of Privilege or Work Product Protection</u>. Nothing in this Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that Protected Information is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity. If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the Protected Information, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Protected Information submitted to the Court in connection with a challenge to the Disclosing Party's claim of attorney-client privilege or

16

work product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

### XIII.  MISCELLANEOUS

13.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.LCivR 7.2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### XIV.  FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in Section IV above, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material and certify that fact in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) departed employee data, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material,

but such retained information shall continue to be treated in accordance with the Protective Order. Outside Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Protected Material, provided that such Outside Counsel and employees of such Outside Counsel shall not disclose such Protected Material to any person not authorized to access it under this Protective Order or other applicable court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**IT IS SO STIPULATED**, through Counsel of Record.

| DORSEY & WHITNEY LLP | HOLLAND & HART LLP |
|---|---|
| */s/ Case Collard* | */s/ Paul D. Swanson* |
| Case Collard | Paul D. Swanson |
| Andrea Ahn Wechter | Chris D. Mack (admission pending) |
| Maral J. Shoaei | Hannah E. Armentrout |
| 1400 Wewatta Street, Ste. 400 | 555 17th Street, Suite 3200 |
| Denver, Colorado 80202 | Denver, Colorado 80202 |
| Telephone: (303) 629-3400 | Telephone: (303) 295-8578 |
| Facsimile: (303) 629-3450 | Facsimile: (303) 416-8814 |
| Email: collard.case@dorsey.com | Email: pdswanson@hollandhart.com |
| wechter.andrea@dorsey.com | cdmack@hollandhart.com |
| shoaei.maral@dorsey.com | hearmentrout@hollandhart.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: October 14, 2021

HON. NINA Y. WANG
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the case of *City of Fort Collins v. Open International, Inc., et al., Case No. 21-cv-02063-DDD-NYW*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____