IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02063-CNS-MEH

CITY OF FORT COLLINS,

      Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC

      Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**

    During its effort to construct new infrastructure including a broadband service, for which it contracted with Defendant Open International, LLC, Plaintiff engaged the services of two entities, TMG and Vanir. Defendants sought production of documents from Plaintiff concerning TMG and also subpoenaed Vanir for documents. Plaintiff objected to both, based primarily on the attorney-client privilege and work product doctrine. I ordered Plaintiff to produce a privilege log for putatively privileged TMG and Vanir-related documents. Plaintiff produced a log for 699 TMG documents and 149 Vanir documents. After a back-and-forth conferral process, Defendants ultimately objected to Plaintiff's privilege/work product assertions for 210 TMG documents and seventy-five Vanir documents.

I appointed a Master pursuant to Fed. R. Civ. P. 53 to "review all allegedly privileged documents and, as to each, make a recommendation (with supporting reasoning) on whether such documents, or any of them, are privileged." ECF 167 at 2. As to TMG documents, this included attorney-client privilege, but I had previously held that work product protection would not apply to "fact work product" related to TMG's assessment of the project. ECF 97 at 15. As to Vanir documents, I found that the work product doctrine did not apply, and that Plaintiff had waived any assertion of a deliberative process privilege. ECF 98 at 6 n.4; ECF 98 at 9. Therefore, the Master's review as to these documents was limited to attorney-client privilege.

The Master submitted her Recommendations on the record at ECFs 195, 196. She found that six of the 210 challenged TMG documents were legitimately withheld, and one of the seventy-five Vanir documents was legitimately withheld.

Defendants have filed a "Motion to Adopt the Special Master's Recommendations (DKTS. 195, 196) and for Fees, Costs, and Further Related Relief." ECF 199. Plaintiff has filed a response that the Court also deems a substantive objection to the Recommendation, Plaintiff requesting that the Court "not adopt the Special Master's two Recommendations [and, r]ather, the Court should substantially revise them." ECF 203 at 2.

Addressing Plaintiff's objections, first, Plaintiff contends that the Master should not have refused to consider the deliberative process privilege, because I had not definitively ruled on that issue. ECF 203 at 2-3, 10-12. I do not believe the Master erred in this regard. I did, in fact, rule that as to the Vanir documents at issue in the Master's review, the deliberative process privilege had been waived. I discussed this issue with the parties at the November 17, 2022, discovery conference, at which I stated that the parties could "each submit a five-page brief on the issue of privilege . . . [a]nd . . . may include arguments on this issue, as well, of what's been waived,

according to my previous order." ECF 198 at 16-17. The parties did so. ECFs 114, 115. I now reaffirm my Order at ECF 98 that as to the Vanir documents, the privilege was waived. That was and remains the extent of my ruling on waiver.

Second, Plaintiff claims error as to four documents the Master determined were not protected by attorney-client privilege. ECF 203 at 12-13. In PRIV000750, the author of an email equates the concept of a document being "confidential" with it needing to include "legal." I do not interpret the inclusion of "legal" as seeking a legal opinion, but rather using an attorney for the purpose of engaging in Plaintiff's business work. PRIV000803 concerns the same email. I believe the top email in PRIV000803 further supports this conclusion. However, I agree with Plaintiff concerning the last paragraph on the first page of PRIV000833. It is privileged, and Plaintiff need not produce it.

Third, Plaintiff objects to the Master's Recommendation that as to approximately twenty-three TMG documents, and drafts of TMG's report provided to the Plaintiff, the work product doctrine should protect them from disclosure. ECF 203 at 13-17. I have reviewed the documents and Plaintiff's argument and make the following findings:

1.   The last page of PRIV000019 is opinion and analysis and should be withheld.

2.   PRIV000110 concerns mental impressions and should be withheld.

3.   PRIV000121 concerns mental impressions and should be withheld.

4.   PRIV000156 concerns mental impressions and should be withheld.

5.   PRIV000205 concerns mental impressions and should be withheld.

6.   PRIV000207 concerns mental impressions and should be withheld.

7.   PRIV000245 concerns mental impressions and should be withheld.

8.   PRIV000270 concerns mental impressions and should be withheld.

9.     The bottom half of the second page to the top half of the third page PRIV000278

concerns mental impressions and should be withheld.

10.    PRIV000341 concerns mental impressions and should be withheld.

11.    PRIV000421 concerns mental impressions and should be withheld.

12.    PRIV000529 concerns mental impressions and should be withheld.

13.    PRIV000564 (designated as 654 by Plaintiff): The bottom colored block on the first

page concerns mental impressions and should be withheld.

14.    PRIV000670 concerns mental impressions and should be withheld.

Other than these, the Master's Recommendation on the TMG documents is accepted, and

Plaintiff's objections are overruled.

Next, Plaintiff objects to an award of fees and costs. ECF 203 at 17-20. I will note that

even judges sometimes disagree on the law (see the average United States Supreme Court 5-4

decision), and former Justice Rice and I disagree on a few things here as well. I find Plaintiff's

privilege decisions to have been substantially justified, even if ultimately wrong under several

reviewers' analysis. I will not award fees under Fed. R. Civ. P. 37(a)(5)(A)(ii), nor apportion the

Master's costs. That was a process that I absolutely needed due to my practical inability to devote

significant time to a document review.

Finally, I order the Plaintiff to review the remainder of documents that it designated as

privileged, that were not a part of this process, to determine whether those findings by the Master

as adopted by me, and my own subsequent revisions of the Master's Recommendations, merit

reconsideration of whether additional productions should be made. After Plaintiff has done so and

determined what, if any, additional documents to produce, the parties should engage in a conferral

process. If Plaintiff either stands on its prior assertion of privileges or reverses its decision on very

4

few documents, I will allow Defendants to identify a sampling of documents (the number to be determined at a discovery conference), which I will then review. If I find a material, inappropriate withholding of documents, then I may order a broadscale *in camera* review and would most likely award fees for that process, since Plaintiff has now had fair warning. Further, I caution against the liberal assertion of deliberative process privilege. "[T]he deliberative process privilege is a qualified privilege. It may be overcome upon a showing that the discoverant's interests in disclosure of the materials is greater than the government's interests in their confidentiality." *City of Colorado Springs v. White*, 967 P.2d 1042, 1054 (Colo. 1998). With as much as is at issue in this case, I can envision Defendants have a great interest in the documents.

For these reasons, I hereby **grant in part** and **deny in part** Defendants' "Motion to Adopt the Special Master's Recommendations (DKTS. 195, 196) and for Fees, Costs, and Further Related Relief" at ECF 199.

SO ORDERED.

Entered and dated this 21st day of March, 2023, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

5