IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2063-CNS-SP

CITY OF FORT COLLINS, a Colorado home rule municipality,

    Plaintiff and Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC,

    Defendant and Counterclaimant,

and

OPEN INVESTMENTS, LLC,

    Defendant.

---

**ORDER ON DISCOVERY DISPUTE (ECF NOS. 222, 223)**

---

**United States Magistrate Judge Susan Prose**

    This matter comes before this court on a discovery dispute briefed simultaneously by the parties on May 17, 2023. ECF Nos. 222, 223. The undersigned Magistrate Judge considers this dispute pursuant to 28 U.S.C. § 636(b)(1)(A), the Amended Order of Reference dated August 1, 2022 (ECF No. 91), and the case's reassignment to this court on May 2, 2023. ECF No. 215. Having reviewed the briefing and District Judge Charlotte N. Sweeney's May 22, 2023 Order on summary judgment, and having heard argument at a telephonic discovery conference on May 24, 2023 (ECF No. 226, minutes), this court denies the request of Defendants Open International, LLC, and Open Investments, LLC ("Open") to compel the subject discovery and grants the request of Plaintiff City of Fort Collins ("City") for a protective order against the subject

discovery.

## BACKGROUND

Open removed this case from state court on July 30, 2021. ECF No. 1. The docket reflects no shortage of motions and discovery disputes. Then-Magistrate Judge Nina Y. Wang held a discovery conference in June 2022; Magistrate Judge Michael E. Hegarty has held discovery conferences at least three times since then: in August 2022, November 2022, and March 2023. He also appointed a special master to resolve one of those disputes.

The present discovery dispute concerns requests that Open issued to the City, relating to an affirmative defense that the City asserted to Open International's counterclaims.[1] The affirmative defense in question states:

> Pursuant to Section 13.4 of the [Master Professional Services Agreement], the First Amendment to the MPSA, Article V, Sections 8 and 11 of the City Charter, City Code Section 8-186, and Article X, Section 20 of the Colorado Constitution, Open's potential recovery is limited to funds that were appropriated by the City for the Project, not spent or otherwise encumbered, and not lapsed.

ECF 197 at 35 (Tenth Affirmative Defense). This court will refer to this as the "Appropriations Defense."

The City did not raise the Appropriations Defense in its original reply to the counterclaims. On November 4, 2022, it filed a motion to amend its complaint (on other issues) and its reply to the counterclaims to formally add this defense. This was less than two weeks before the close of fact discovery at the time. ECF No. 107 (Minute Order extending fact discovery from the extended deadline apparently set in ECF No. 37, August 19, 2022, to

---

[1] The docket appears to refer to both Defendants as Counterclaimants, but only Open International is identified on the counterclaims. ECF 194 at 20.

November 14, 2022). On January 26, 2023, Judge Hegarty granted the motion to amend. ECF No. 191. He noted in relevant part:

> Plaintiff contends the parties' contract limits damages on Defendants' counterclaims to funds appropriated by the city council, and the funds appropriated here are nearly exhausted (about $100,000.00 left to spend, while Defendants seek over $3 million in damages). Plaintiff is uncertain whether the law would treat this as an affirmative defense or simply as a limitation on the available damages and, in an abundance of caution, seeks leave to assert that defense if the Court believes it is required.

ECF 191 (Order of January 26, 2023) at 3 (internal citations to the City's motion to amend omitted). Open opposed the addition of the Appropriations Defense on several grounds, including that "permitting it to be asserted now would be prejudicial." *Id.* at 4 (citing Open's response). Judge Hegarty allowed the City to add the Appropriations Defense to its pleading. But he also held that *"[t]o the extent Defendants claim prejudice, and they need discovery on Plaintiff's assertions concerning appropriations and expenditures, I will allow it." Id.* at 8 (emphasis added).

The City timely filed its amended reply on January 31, 2023 (ECF No. 193) and again on February 22, 2023, after Open reasserted its counterclaims in answering the City's recently amended complaint. ECF No. 197. The Appropriations Defense is the City's Tenth Affirmative Defense in its current reply to Open's counterclaims.

Next, Judge Hegarty held a discovery conference on March 20, 2023, at the parties' request. At this conference, the parties informed the court that Open—based on the sentence quoted above from Judge Hegarty's order of January 26, 2023—had issued six interrogatories and three requests for production regarding the Appropriations Defense and said it might want to reopen the Rule 30(b)(6) deposition of the City on the same subject. The City sought protection

3

from this discovery because, in its view, Open had no need of further discovery. ECF No. 224 (Mar. 20, 2023 Hrg. Tr.) at 4-5. Judge Hegarty held that the only issue was "whether the discovery they are seeking would logically fit within the parameters of what [he] allowed" in the January 26, 2023 order, and if so, he would permit the discovery. *Id.* at 13.[2] Judge Hegarty also authorized reopening the Rule 30(b)(6) deposition of the City as to "a corporate designee for appropriation and spending allocation issues," (*id.* at 19), to the extent the questions are "new ground and relevant," and limited to a half-day, i.e., three and a half hours. *Id.* at 19, 21, 23. He later noted it would "almost [be] clear error not to permit" the discovery that Open had issued. *Id.* at 23.

Soon thereafter, Open moved to vacate the final pretrial conference and trial dates, in part so it could conduct the "recently reopened document discovery and depositions related to a newly pleaded affirmative defense asserted by" the City. ECF No. 206 at 1. Judge Sweeney granted the motion and reset the final pretrial conference to July 10, 2023, the trial preparation conference to September 29, 2023, and the two-week jury trial to begin October 23, 2023. ECF No. 213 (minute entry of April 14, 2023). Each of those conferences and the trial will be before Judge Sweeney, and they remain the current settings.

Soon after the case was reassigned from Judge Hegarty to this court in the referral role, the parties requested another discovery conference on Open's present discovery dispute. The dispute specifically concerns Open's written discovery regarding the Appropriations Defense. ECF No. 220.[3] This court set a discovery conference for May 24, 2023.

---

[2] At the March 20, 2023 hearing, the City did not argue undue burden or expense associated with responding to the discovery.

[3] The City does not dispute that Open may take the half-day deposition pursuant to Federal Rule

4

In the meantime, on May 22, 2023, Judge Sweeney ruled on the parties' cross-motions for summary judgment. ECF No. 225 ("Summary Judgment Order"). The City sought summary judgment on its Appropriations Defense, but Open did not seek summary judgment in its favor on that defense. Judge Sweeney denied the City's motion on the Appropriations Defense:

> The plain language of these provisions [of the parties' agreement, on which the City relies for the Appropriations Defense], at most, would allow the City to void the MPSA if the Fort Collins City Council declined to fund the OSF project in any given year. *Nothing in that language functions as a limitation on the City's liability in the event the City breaches the contract.* … For the same reason, the relevant language contained in TABOR, the City Charter, and the Municipal Code does not function as a constitutional or statutory damages cap.
> Accordingly, the Court DENIES the City's motion for summary judgment to the extent that it seeks to limit Open's recoverable damages based on the contract and statutory provisions discussed above.

Summary Judgment Order at 23 (emphasis added).

At the May 24, 2023 discovery conference, this court asked both sides whether the Summary Judgment Order affected the discovery dispute. Counsel for Open stated that the Summary Judgment Order bars the City's Appropriations Defense as a matter of law. However, because the City has not yet formally withdrawn the defense, Open continues to seek discovery on the defense on the theory that the City still plans to pursue the defense at trial. On further questioning, counsel for Open acknowledged that Open believes the Summary Judgment Order precludes the City from doing so. But Open further argued that this discovery dispute remains live because the subject discovery is also relevant to obtaining "important impeachment evidence" for trial.

In contrast, the City's counsel hedged on the impact of the Summary Judgment Order for

---

of Civil Procedure 30(b)(6) that Judge Hegarty authorized in the conference of March 20, 2023.

5

this discovery dispute. Counsel stated that they are "still considering" its impact, recognizing Judge Sweeney's ruling that Open's damages are not capped, but characterizing it as a relatively limited finding. The City noted that Open had not sought summary judgment on the Appropriations Defense, so the ruling is only on the City's motion. Counsel for the City argued that the Summary Judgment Order may not be a full and final ruling on the impact of appropriations on Open's potential damages. The City thus contends that this court should not attempt define the downstream effects of the Summary Judgment Order on the Appropriations Defense, but rather should grant the City's request to limit Open's written discovery because it is unduly burdensome and expensive, and because Open already had extensive discovery relating to the City's appropriations.

## LEGAL STANDARDS

Requests for discovery are subject to the familiar standards set forth in Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case,* considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). In considering proportionality, this court "weighs the importance of the discovery to the issues at stake …, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Carlson v. Colo. Ctr. for Reprod. Med., LLC*, 341 F.R.D. 266, 282 (D. Colo.

2022) (citing Fed. R. Civ. P. 26(b)(1)).

Also pertinent here is the rule regarding electronically stored information ("ESI") that is not reasonably available:

> On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B). "The court 'must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that'. . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *JL v. Regis Univ.*, No. 21-cv-00580-DDD-NYW, 2022 WL 1443059, at *2 (D. Colo. May 6, 2022) (quoting Fed. R. Civ. P. 26(b)(2)(C)). The court must also limit discovery for several other reasons listed in Rule 26(b)(2)(C), including when it is "unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i), (ii).

"Discovery rulings are within the broad discretion of the trial court, and [the Tenth Circuit] will not disturb them absent a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Kenno v. Colo. Governor's Off. of Info. Tech.*, No. 21-1353, 2023 WL 2967692, at *7 (10th Cir. Apr. 17, 2023) (brackets and internal quotation marks omitted, citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994)). *See also S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (discovery rulings are reviewed for abuse of discretion).

## ANALYSIS

This court grants the City's request for a protective order against Open's written discovery requests for two reasons.[4]

First, the Summary Judgment Order rules against the City on the Appropriations Defense. While the City is correct that the Summary Judgment Order is not a final judgment and Judge Sweeney "may … revise[] [it] at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), this court cannot close its eyes to the clear significance of the Summary Judgment Order: the City's Appropriations Defense is barred, unless and until the City persuades Judge Sweeney to reconsider that ruling. And although Open argues that the subject discovery remains relevant to and important for "impeachment," it is undisputed that Judge Hegarty only allowed this further discovery to cure the prejudice that Open claimed from the late addition of the Appropriations Defense. Judge Hegarty did not reopen discovery so that Open could have another shot at obtaining impeachment evidence. The subject discovery requests are no longer necessary to address any prejudice from the City's late addition of that defense, and Open cannot now unilaterally reopen discovery more broadly. Open had ample opportunity to obtain responses to written discovery requests on the City's appropriations before the discovery cutoff, Fed. R. Civ. P. 26(b)(2)(C)(ii),

---

[4] This court respectfully notes that it does not disagree with Judge Hegarty's analysis in approving the subject discovery requests on March 20, 2023. However, as described above, the City did not provide specific information to Judge Hegarty establishing undue burden or expense. *See generally* ECF No. 224 (Hrg. Tr.). At that time, the City argued only that Open did not "need" the discovery. *Id.* at 10-12. This court now addresses the dispute on a fuller record, including information concerning the scope and expense of the burden, that was not available to Judge Hegarty. Going forward, counsel are cautioned not to raise serial discovery objections, over multiple discovery conferences. This is an inefficient use of the resources of the court and of the parties.

and the City asserts that it did produce such discovery—a point that appears undisputed. Thus, even if Open had moved to extend the discovery cutoff more broadly—which it did not—the court would not find good cause to do so. Fed. R. Civ. P. 16(b)(4).

Second, even if the City successfully seeks reconsideration of the Summary Judgment Order on the Appropriations Defense or otherwise persuades Judge Sweeney that the City can still present its appropriations to limit Open's damages at trial, the City has also shown that responding to the subject discovery requests would impose undue burden and cost. The City has explained the work-hours that would be entailed in identifying, collecting, and reviewing the extensive emails that Open requests. At the May 24, 2023 conference, the City's counsel estimated (considering only two of the five requested custodians) that responding to the requests would involve reviewing a minimum of forty-thousand emails, and that would require a minimum of five weeks of work for contract attorneys to complete. The City's counsel also estimated it would take two hundred hours to go through all of the City's appropriations over the last six years, a task that would be required to answer at least one of Open's document requests. *See* ECF No. 223-3 at 5 (request for production no. 22).

Open does not appear to dispute the order of magnitude of the work that responding to its requests would impose on the City. As Open's counsel acknowledged at the discovery conference, it was aware that the City previously had represented that running Open's proposed search terms (even as to only a subset of the requested document custodians and seemingly for a different or shorter time period) resulted in 20,000 document hits. Open asserts that technology-assisted review reduces the burden, but it does not appear to claim that the City has such technology.

9

In light of the situation here, where the Appropriations Defense has been eliminated from the case, the court declines to compel Open to undertake this burdensome task. The City has shown (in its discovery briefs and at the May 24 conference) that it has already produced 44,000 documents. The City explained that, included in those previously-produced documents are documents that relate to the City's budget, the funds the City appropriated, and the funds the City has spent on the project at issue here. Judge Hegarty authorized additional discovery to "wrap up" the late-added Appropriations Defense, not to entangle the parties in voluminous discovery regarding appropriations and expenditures more generally after discovery had closed.

For these reasons, this court declines to compel the City to further respond to the subject discovery, which this court finds would not be proportional to the needs of a case in view of the elimination of the Appropriations Defense and the production of previous discovery on the appropriations issue. The court further finds, based on the record before it, that the additional discovery Open seeks unduly burdens the City in requiring an estimated five weeks of work by the City and its attorneys—a production that would likely be unreasonably cumulative of the discovery that Open already conducted before the discovery cutoff. Fed. R. Civ. P. 26(b)(1), (b)(2)(B). Open has not shown good cause to overcome this burden here, in a context where discovery was re-opened solely for the purpose of addressing a now-defunct defense and on a topic which Open already had received significant discovery during the regular course of the discovery process.

Finally, there being no disagreement between Open and the City concerning the half-day deposition of the City's Rule 30(b)(6) designee, subject to the restrictions that Judge Hegarty imposed on March 20, 2023, this court concludes that the deposition will suffice to allow Open

to obtain any evidence concerning the Appropriations Defense that it still may claim to need.

## CONCLUSION

Accordingly, this court denies Open's request to require further responses to the written discovery requests that Open issued after the January 26, 2023 order. The court grants the City's request for a protective order against the same. The parties shall confer in good faith to promptly schedule the reopened Rule 30(b)(6) deposition, consistent with the parameters established by Judge Hegarty.[5]

DATED: June 7, 2023.                                         BY THE COURT:

                                                             _____
                                                             Susan Prose
                                                             United States Magistrate Judge

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").