## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02063-CNS-SP

CITY OF FORT COLLINS,

      Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC

      Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

      Defendant.

<span style="color:red">Defense tendered and rejected 11/3/2023</span>

---

### OPEN'S SUPPLEMENTAL TENDERED JURY INSTRUCTIONS
### IN RESPONSE TO JUROR QUESTIONS

      Open tenders the following—which includes two independent alternative instructions—to address the jury's questions raised the morning of November 3, 2023.

### HOW TO RESPOND TO JURY QUESTIONS 2-5 REGARDING NATURE OF AND DIFFERENCES BETWEEN FRAULUDENT INDUCEMENT AND NEGLIGENT MISREPRSENTATION CLAIMS[1]

### Alternative 1:

      In light of your questions, I will now provide you a supplemental instruction to explain how the claims of fraudulent inducement and negligent misrepresentation are different or not different.

---

[1] *Compare Mehaffy, Rider, Windholz & Wilson v. Central Bank, N.A.*, 892 P.2d 230, 236-37 (Colo. 1995) (defining negligence element and explaining that, "[i]n a claim for negligent misrepresentation, the misrepresentation must be of a material fact that presently exists or has existed in the past."), *and Colo. Pool Sys. v. Scottsdale Ins. Co.*, 2012 COA 178 ¶ 60 ("In every negligent misrepresentation case, the plaintiff must show justifiable reliance on the alleged misrepresentation."), *with* CJI-Civ. 19:1 (articulating same elements for fraudulent inducement).

Both claims require:

1. A false statement or representation of a past or present fact or information;
2. The fact or information must be material;
3. Open knew or intended that the City would rely on the statement or representation;
4. The City justifiably relied on the statement or representation; and
5. The City was damaged as a result.

What distinguishes these claims is that, for fraudulent inducement, you must find that Open knew the fact or information was false. In contrast, for negligent misrepresentation, you must find that Open was negligent in obtaining or communicating the fact or information.

**<u>Alternative 2:</u>**

In light of your questions, I will now provide you a supplemental instruction to explain how the claims of fraudulent inducement and negligent misrepresentation are different or not different.

My Instructions Nos. 17-20 apply equally to both the claim of fraudulent inducement and the claim of negligent misrepresentation. You must therefore apply those instructions when resolving both of those claims.

What distinguishes these claims is that, for fraudulent inducement, you must find that Open knew the fact or information was false. In contrast, for negligent misrepresentation, you must find that Open was negligent in obtaining or communicating the fact or information.

Dated: November 3, 2023

Respectfully submitted,

HOLLAND & HART LLP

*s/ Kevin C. McAdam*
Paul D. Swanson
Kevin C. McAdam
Alexander D. White
Alexandria E. Pierce
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: 303-295-8000
pdswanson@hollandhart.com
adwhite@hollandhart.com
aepierce@hollandhart.com

*Attorneys for Defendants-Counterclaimant Open International, LLC and Open Investments, LLC*

30832478_v1