**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02063-CNS-SBP

CITY OF FORT COLLINS,

    Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC

    Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

    Defendant.

**CITY OF FORT COLLINS' REPLY TO DEFENDANTS' RESPONSE BRIEF [DKT. 321]**

Rather than accept that the jury found both Open entities liable for fraud, Open attempts to hijack remedies briefing to re-litigate issues that it waived or were already decided by the jury or the Court. Open's refusal to accept the liability verdict (going so far as to request the Court "enter judgment *against* the City") undermines all of Open's argument and analysis.

**First**, Open heavily relies on *EarthInfo*, but *EarthInfo* is not a fraud case and "both parties sought" and "mutually consented to" rescission. *EarthInfo, Inc. v. Hydrosphere Res. Consultants*, 900 P.2d 113, 118-119 (Colo. 1995). Open—already found liable for fraud—is not entitled to any equitable deference that EarthInfo received. Open is wrong to try to limit the City's recovery to the money paid to Open (while at the same time broadening Open's "restitution" to encompass "services and software worth far more" than $8.7 million). Dkt. 321 at 2. *EarthInfo* has no such holding; it focuses on disgorging profits. *Id* at 119. Under *EarthInfo* the City could (but does not) seek to disgorge Open's profits from the sale of the improved version of OSF (developed with the City) to future customers like Tualatin. Open does not cite any support that recovery for **fraud** may not include plaintiff's out-of-pocket expenses when required to put the City back in the position it would have been before Open's fraud. Open's cited cases have nothing to do with fraud. Even if recovery focused only on amounts that benefited *Open*, the City's labor and consultants **did** benefit Open. There is ample record evidence that Open's product was in development and was improved by the City's and its consultants' labor and input. Trial Tr. at 624:9-21; 1417:17-23; Dkts. 270 & 270-1, Ex. A at 298:1-299:5 (deposition testimony presented at trial). Additionally, Open remains bound by its own expert's

1

admissions of recoverable categories despite hollow attempts to reframe the admissions.

Mutual restitution cannot mean that Open (by committing fraud) gets credit for all of its alleged/unsupported labor costs. It only means that they get their software back—and there is no dispute that Open has full dominion over its software.[1] Open's twisted view of "restitution" and set-off would allow it to commit fraud, keep and use the more developed software, **and** keep the nearly $9 million it was paid by the City because it "earned these amounts not by fraud but by work the City requested and accepted." Dkt. 321 at 8. Open finally dropped its request for **additional** payment by the City, but the case law confirms that Open is "**precluded**…from deriving **any** benefit from the fraud perpetrated by [it]" and thus gets **no** credit for the work it did after its fraud. *Arguelles v. Ridgeway*, 827 P.2d 554, 557 (Colo. App. 1991) (emphasis added). The *Arguelles* holding is not dicta: those who seek equity **must do equity**. *Id.* Even *EarthInfo*–which is not a fraud case—recognizes the bedrock principle: "one should not gain by one's own wrong." *EarthInfo*, 900 P.2d at 117. Allowing Open to keep millions that it **fraudulently induced the City to pay** would destroy this bedrock principle. Open's reliance on *Durango*, 807 P.2d 1152 (Colo. 1991) is misplaced because it did not concern fraud nor rescission.

**Second**, the jury found that the City did not waive rescission. Contrary to Open's blanket assertion, there is no separate standard for "rescission waiver." *See* Dkt. 320 at 3-5. The Court gave the City an election between **available** remedies. Trial Tr. at 1992:6-22. It did not save one alleged equitable affirmative defense until now. Rather, "rescission

---

[1] Even if a copy of OSF remains in escrow, Open has its software; not the City. Trial Tr. at 1708:19-21, ("OSF Version 8 is currently operating in two U.S. Cities.")

2

waiver" was a factual question decided by the jury when it decided waiver. *Id.* at 1236:14-22. Open failed to object to (and thus waived) the Court's submission of this factual issue to the jury via Instruction #23. Similar issues were nonetheless decided by the Court when it denied laches, finding "the City doesn't have adequate knowledge to decide what to do until there were further reviews of the product and its delivery." *Id*. at 1946:1-21. Open cannot identify any facts around the alleged "rescission waiver" that differ from the questions already decided. There was no waiver by the City.

**Third**, the City may recover attorneys' fees and costs under *Sprague*. Open's reliance on *Alyeska*, 421 U.S. 240 (1975) is meritless. *Alyeska* itself has been superseded, but more importantly, it did not overrule *Sprague* or deal with "exceptional cases" or "dominating reasons of justice." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 167 (1939). The Court may rely on the City's unrebutted declaration regarding settlement discussions, which need not be admitted into evidence nor used to establish liability.

**Fourth**, Open Investments was found liable for fraud by the jury. Dkt. 296. The different *remedies* have no bearing on *liability*—the liability ship has sailed and was not based on what "benefit" either Open entity received from the City.[2] *See* Instruction #15. The City *intentionally* proposed (and Open agreed to) jury instructions collectively defining Open International and Open Investments as "Open" for all purposes, including liability. *See* Dkts. 275, 285, 296; Trial Tr. at 20:1-3. Open long waived the issue and its claim that it could not have raised this issue until the City rescinded is not credible.

---

[2] Representations about "Open" and OSF could not *only* be about "Open International" which was founded in 2015 and did not have 30 years of experience. *See* Dkt. 320.

3

Respectfully submitted this 8th day of January, 2024.

                               DORSEY & WHITNEY LLP

                               *s/ Case Collard*
                               Case Collard
                               Andrea Ahn Wechter
                               Maral J. Shoaei
                               1400 Wewatta Street, Suite 400
                               Denver, Colorado 80202-5549
                               Telephone: (303) 629-3400
                               Fax: (303) 629-3450
                               E-mail: collard.case@dorsey.com
                               E-mail: wechter.andrea@dorsey.com
                               E-mail: shoaei.maral@dorsey.com

                               ***Attorneys for Plaintiff City of Fort Collins***

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2024 I caused the foregoing document to be electronically filed via CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Stacy Starr*
DORSEY & WHITNEY LLP

5