IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02063-CNS-SBP

CITY OF FORT COLLINS, a Colorado home rule municipality,

    Plaintiff and Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC,

    Defendant and Counterclaimant,

and

OPEN INVESTMENTS, LLC,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO ALLOW REGISTRATION OF JUDGMENT AGAINST OPEN INTERNATIONAL, LLC, IN OTHER DISTRICTS**

---

**Susan Prose, United States Magistrate Judge**

    This matter comes before this court on the motion of Plaintiff City of Fort Collins (the "City") for an order allowing the City to register the judgment against Defendant Open International, LLC ("Open International"), in other districts. ECF No. 380/382 (the "Motion" filed December 20, 2024 under Level One restriction). Open International opposes the Motion. ECF No. 385 ("Resp." filed January 17, 2025). The City replied in support of its Motion. ECF No. 386 ("Reply" filed January 29, 2025). The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(3), D.C.COLO.LCivR 72.1(c)(1), and the Memorandum of Reference dated January 9, 2025. ECF No. 383. For the reasons that follow, this court

**GRANTS** the Motion.

## BACKGROUND

Open International and Defendant Open Investments, LLC ("Open Investments"), removed this case from state court. ECF No. 1. After extensive pretrial motions and discovery disputes, a jury found in the City's favor on liability. ECF No. 295, jury verdict. Judge Sweeney then held a hearing to calculate damages. ECF No. 298.

On March 28, 2024, the Clerk's office entered an amended final judgment against Defendants in the amount of $12,245,881 in project costs, $578,280 in third-party consulting costs, and $7,067,286 in labor costs (each including pre-judgment interest), with post-judgment interest accruing at a rate of 5.02 per cent, and the City's costs to be taxed by the Clerk separately. ECF No. 332. The Clerk later taxed costs of $115,345.50 against Defendants. ECF No. 366 (July 24, 2024). Thus, pursuant to the amended final judgment, Defendants are liable to the City for a total of $20,006,792.50, with interest accruing pursuant to 28 U.S.C. § 1961 at the rate noted above.

After further post-judgment motion practice, Defendants ultimately filed an amended notice of appeal. ECF No. 371. Their appeal remains pending.

In the meanwhile, Open *Investments* had posted a letter of credit as security to stay execution of the judgment pending appeal. With that security in place, Judge Sweeney granted the stay of execution on the conditions stated in her order of May 17, 2024. ECF No. 356. The present Motion accordingly does not seek to register (or otherwise enforce) the judgment against Open Investments.

Open *International*, in contrast, did not file a motion to stay execution of the judgment.

Therefore, "execution on [the] judgment and proceedings to enforce it [were] stayed for [only] 30 days after its entry." Fed. R. Civ. P. 62(a). It thus appears that the Rule 62(a) stay of execution expired in April 2024.[1]

On December 20, 2024, the City filed the present Motion. ECF No. 380. The City argues that based on the responses that Open International has provided to date in post-judgment discovery, Open International (1) has no significant assets in Colorado, (2) has assets only in Florida and Oregon, and (3) has used an intercompany agreement (or agreements) with at least one foreign affiliate to transfer significant assets outside of the United States after the amended judgment entered. Motion at 4-6. The City asserts that Open International's customer in Oregon pays it a significant amount of revenue monthly, which Open International receives in its Florida bank account. Open International then quickly transfers most of those funds to its foreign affiliates, including an affiliate in Colombia. *Id*. The City attaches six exhibits (produced by Open International in post-judgment discovery) in support of its position. Based on the information stated in those documents, the City further argues:

> Given the post-judgment agreement and timing of the transfer this appears to be a method of removing Open International's assets outside of the United States to avoid the City's collection efforts. Such a practice of moving assets, if continued, will result in substantial prejudice to the City—Open International will be able to exhaust its assets located in the United States by moving them to an international affiliate under the common control of William Corredor (see Dkt. 378-2 at ¶ 5), leaving no assets on which the City may execute its Judgment.

Motion at 6.

---

[1] On November 7, 2024, the City filed a motion to compel Open International to provide more complete responses to post-judgment discovery. ECF No. 374. That motion is referred to this court and is fully briefed. This court will address that motion in due course.

In response, Open International argues that the City fails to identify the districts in which it wishes to register the judgment and fails to identify any district in which Open International has "substantial assets." Resp. at 1. Open International asserts that the post-judgment discovery shows that it—the subsidiary of Open Investments—"has no substantial assets," anywhere. *Id*. at 2. It argues that the City must show Open International has substantial assets in a district in order to show the "good cause" that 28 U.S.C. § 1963 requires. Open International characterizes the City's efforts to execute on the judgment as a "campaign of harassment and embarrassment" to "seize any Defendant-owned paperclip." Resp. at 6 (in relevant part). Open International argues that the "bulk of each payment" it receives from its single client (in Oregon) is "owed to subcontractors (Oracle Corporation, Auxis and Defendant's Colombian affiliate)." *Id*. at 8. It further asserts (in a footnote) that "[t]he majority of the $6 million, earned over five years, was billed and paid as part of the implementation that began over four years ago." *Id*. at 8 n.1.

Open International further asserts that its assets in Florida are only $546.66 in computers and office equipment—which were disposed of when it closed the office in October—and bank accounts in which it had only $4,000 at the end of 2024, because Open International must pay its subcontractors. *Id*. at 9. It further argues that it no longer has a security deposit with its former landlord in Florida,[2] and that its practice of "intercorporate transfers" began long ago and is reflected in the bank statements that it produced to the City, dating back to 2018. *Id*. at 9 n.2.

---

[2] It appears this is because Open International apparently ceased leasing the office in Florida. The City asserts in its Reply that Open International received its deposit back from the landlord, but it does not appear that the court needs to reach that question. If Open International did receive those funds, it appears it would have deposited them in the bank accounts discussed above.

Open International attaches two exhibits in support of its arguments: its responses to post-judgment discovery requests, reflecting the asserted value of the computers and office equipment (ECF No. 385-1 at 9), and the amount held in its bank accounts in Coral Gables, Florida, at the end of 2024. ECF No. 385-2 at 1. This court notes that the bank account statement reflects deposits and other credits of $163,703.91 and withdrawals and other debits of $163,488.80 in the month of December 2024. *Id*.

In reply, the City argues that it was not required to identify the specific districts in which it seeks leave to register the judgment, but that it wishes to file the judgment in Oregon and Florida; that Section 1963 does not require showing "substantial" assets in other districts to show good cause; that even the document Open International filed shows it has significant funds (over $100,000) flowing through its bank accounts in Florida every month to its foreign affiliate(s); and that Open International mischaracterizes the City's efforts to execute the judgment. Reply at 1-8.

## ANALYSIS

Section 1963 provides:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown**.

28 U.S.C. § 1963 (in relevant part, emphasis added). Here, Defendants' appeal is pending, and therefore the City seeks leave to register the judgment in other districts, asserting good cause.

"While the Court of Appeals for the Tenth Circuit has not set forth what constitutes 'good

5

cause,' other courts have explained that the good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment." *Hicks v. Cadle Co.*, No. 04-cv-02616-ZLW-KLM, 2010 WL 5342970, at *1 (D. Colo. Dec. 21, 2010) (internal quotation marks omitted, citing *Rep. Bank v. Amtec Precision Prod., Inc.,* No. 06-cv-112 TS, 2008 WL 410130, at *1 (D. Utah Feb. 12, 2008); *Schreiber v. Kellogg,* 839 F. Supp. 1157, 1162 (E.D. Pa. 1993), *superseded in part on other issue*; *Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.,* 128 F.R.D. 63, 66 (D.N.J. 1989)); *accord Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002)). *See also Monge v. Rojas*, 150 F. Supp. 3d 1244, 1250 (D.N.M. 2015) (Browning, J., holding the same); *Gidding Fitz v. Gidding*, No. 17-cv-01334-RM-NYW, 2018 WL 11000690, at *1 (D. Colo. May 21, 2018) ("'Good cause' exists when the judgment creditor is able to demonstrate that the judgment debtor has insufficient assets in the judgment forum and has substantial assets in another jurisdiction.") (citing *In re Steel Reclamation Resources, Inc. v. Carlisle*, 64 F.3d 670, at *3, 1195 U.S. App. LEXIS 23750, at *7-8, 1995 WL 495272 (10th Cir. Aug. 21, 1995) (unpublished)).[3]

      Open International has not posted a bond to secure a stay of execution pending appeal. It does not dispute that it has insufficient assets in Colorado to satisfy the judgment. In fact, it does not dispute that it lacks any assets in Colorado whatsoever. Open International also does not deny that its "single client" is located in Oregon, and that its bank accounts are located in Florida. Open International does dispute that those assets are "substantial," but its arguments on

---

[3] *Carlisle* is unpublished but addresses the salient issue in the matter now pending and may be cited for its persuasive value. *See* 10th Cir. R. 32.1(A).

this point are not persuasive. As to the revenues that Open International receives from its client in Oregon, the company does not show why this court should consider only what Open International asserts is the "net" value of those revenues after paying its subcontractors—one of whom it admits is Open International's affiliate in Colombia. Open International does not dispute that both companies are controlled by the same individual the City identifies. Whether the City's claim to those funds as a judgment creditor of Open International is superior or junior to the subcontractors' contractual rights is a question beyond the scope of Section 1963. Nor does Open International explain why the court should consider the fact that only one year remains on this revenue stream, according to Open. One-fifth of $6 million is still $1.2 million—a substantial sum.

As to the ending balance in Open International's bank accounts in Florida at the end of December 2024, Open International likewise does not show why the court should consider only the ending balance. Even the bank account statement that Open International attaches to its Response shows that the company received over $160,000 in deposits and other credits that month, and it transferred all but a few hundred dollars of those funds out of the account in the same month. Based on these facts, this court concludes that Open International has substantial assets in Oregon and Florida.

In short, because Open International has no assets in Colorado and has substantial assets in Oregon and Florida, the City has shown good cause for leave to register the judgment in other districts.

This leaves the question of whether the City must specify the districts in which it seeks leave to register the judgment, or if the court may grant leave to register the judgment in any and

7

all federal districts. Because the City's Reply brief specifies that it seeks (at present) to register the judgment only in Oregon and Florida, this court does not need to reach that issue.

## CONCLUSION

For the reasons stated above, this court finds good cause and **GRANTS** the City's Motion (ECF No. 380) to register the amended judgment against Open International in the District of Oregon and the Southern District of Florida.[4]

DATED: January 31, 2025.                    BY THE COURT:

                                            _____
                                            Susan Prose
                                            United States Magistrate Judge

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").