IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02063-CNS-SBP

CITY OF FORT COLLINS,

    Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC,

    Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

    Defendant.

___

**OPEN INTERNATIONAL, LLC's OBJECTIONS TO MAGISTRATE JUDGE PROSE'S ORDER GRANTING PLAINTIFF'S MOTION TO ALLOW REGISTRATION OF JUDGMENT IN OTHER DISTRICTS**
___

Pursuant to Fed. R. Civ. P. 72(a), Defendant Open International, LLC submits the following Objections to Magistrate Judge Susan B. Prose's Order Granting Plaintiff's Motion to Allow Registration of Judgment Against Open International, LLC, in Other Districts (ECF No. 387), which was entered on January 31, 2025, and states as follows:

**BACKGROUND**

The City has a judgment against Open International, LLC and its parent company, Open Investments, LLC, but that judgment is on appeal to the Tenth Circuit and its execution is stayed as to the parent company. The subsidiary has not posted a bond or other security to obtain a stay of its own because it lacks the assets to do so. Nonetheless, the City moved to have the judgment

2

against the subsidiary registered in the District of Oregon and the Southern District of Florida pursuant to 28 U.S.C. § 1963. (Doc. 380). Open International LLC objects to that proceeding because, in so moving, the City impermissibly attached communications among the parties meant to compromise a dispute, in violation of Fed. R. Evid 408. Further, Open International LLC contends that it has shown that it has no substantial assets in those or any other districts. But, on January 31, 2025, Magistrate Judge Prose entered an Order granting Plaintiff's Motion to Register the Judgment against Open International LLC in those Districts. (Doc. 387). Respectfully, Open International LLC now lodges these objections because Judge Prose's order contains certain factual inaccuracies resulting from the City's misleading presentation in its motion papers.

## ARGUMENT

Magistrate judges are authorized to hear and determine any non-dispositive matter referred to them. Fed. R. Civ. P. 72(a). The district court can modify or set aside a magistrate judge's order on a non-dispositive matter if the order is clearly erroneous or contrary to law. *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997). An order is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Hirschfield v. New Mexico Corrs. Dep't,* 916 F.2d 572, 580 (10th Cir. 1990). The "contrary to law" standard allows plenary review as to matters of law, and this Court will set aside a magistrate judge's order if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of. Am*., 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019).

**I.     Open International LLC respectfully submits that the finding that it has substantial assets in Oregon and/or the Southern District of Florida is clearly erroneous because, due to the City's overly-aggressive post-judgment litigation tactics, Open International LLC has only one client left.**

A.  Oregon

Open International LLC's only asset is the revenue stream from its single remaining client: Tualatin Valley Water District. (Doc. 385-1 at 5). Further, Judge Prose's finding that there is $1.2 million (1/5 of $6 million) remaining on the Tualatin revenue stream (Doc. 387 at 7) is erroneous and apparently based on a misunderstanding of the evidence. In reality, the implementation phase of the Tualatin $6 million contract was completed over two years ago, and all that remains is a few months' worth of significantly smaller amounts for support and managed services, at which point the payments will cease. *See* (Doc. 385-1) (explaining that the five-year contract began in October 2020)).

The City's papers also presented a mistaken description of the ownership interests across the suite of "Open" companies, which was adopted in Magistrate Pose's order, which says that "Open International does not dispute that both companies [Open International LLC and its Colombian sibling] are controlled by the same individual the City identifies." (Doc. 387 at 7). Mr. Corredor is not the owner of either entity. He is the CEO of Open Investments LLC. Open Investments LLC owns 100% of its Colombian affiliate and 80% of Open International LLC. A contractual relationship between them is not nullified or denied priority merely because of some shared ownership interests across the two. Moreover, Hernando Parrott is the president of Open International LLC, and it is he who runs the operations of the business. Further, Mr. Parrott is not a principal of the parent company, Open Investments, LLC or has any position in the Colombian

affiliate. All of this is part of the record in this case, though it was not properly presented in the City's motion or briefing.

   B.  Florida

The Florida-based bank account of Open International LLC does not provide the basis for execution of the judgment in that state. Federal courts must follow the forum state's law when enforcing judgments, Fed. R. Civ. P. 69, and Florida law requires that judgment liens be enforced only through judicial processes, and strictly forbids "self-help repossession or replevin without a court order." Fla. Stat. § 55.205(6). And there has been no determinations as to the superiority of various parties' claims to the asset. (Doc. 387 at 7), Florida law, however, does provide some guidance on this point. *See* Fla. Stat. § 55.202(2)(a)(1) (discussing priority rights of judgment lienholders).

Importantly, Open International LLC's bank statements show that (1) It has only one reliable outside revenue stream—coming from the Tualatin payments.; and (2) those payments are insufficient to cover expenses, as most of that money is already earmarked for payments to Open International LLC's existing subcontractors and loans from Open Investments LLC to cover the shortfall. (Docs. 385-2, 385-3).

It is important to keep in mind that the purpose of Section 1963 is to ensure that judgment creditors can "satisfy the judgment." Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963. That being the case, the only reasonable interpretation of the term "substantial assets" means "substantial assets that are available to be collected," or, in other words, assets that are not otherwise earmarked. After the necessary payments are made under contracts that pre-date any judgment lien filed by the City, the remaining assets will not be "substantial." *See Schreiber v.*

5

*Kellogg,* 839 F. Supp. 1157, 1160–61 (E.D. Pa. 1993), *superseded on other grounds as recognized by* 586 F. Supp. 3d 328, 330 (E.D. Pa. 2022) (recognizing that, where judgment debtor had very few attachable assets, it would be pure speculation to conclude that he would have "sufficient available assets" to satisfy the judgment); *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 868 (7th Cir. 2013) ("The purpose of the postjudgment proceedings is to discover assets that might be available to satisfy the judgment, and . . . to execute on those assets."). In other words, to allow the City to prevail on its collection efforts while this appeal is pending will be the death knell of Open International LLC and ironically will deprive the City of any hope of further collection efforts as well as deprive other creditors of their due. Simply put, the City's motion is not only ill-conceived and flawed in its factual recitations, it runs counter to the aims of the statute itself.

For these reasons, Open International LLC respectfully requests further review of the Magistrate's order granting the City leave to register the judgment in the District of Oregon and the Southern District of Florida.

**II.     The City's motion relied on inadmissible evidence, and the City should not be rewarded for that misconduct.**

Finally, the order granting the City's Motion to Register the Judgment was based, at least in part, on confidential compromise communications between William Corredor and City officials that, per FRE 408, the Court should not have considered. (*See* Doc. 380-5 (filed under seal)). The City and its counsel completely disregarded FRE 408's prohibition on misuse of an opposing party's statements made in an attempt to compromise a dispute, and that overture of reconciliation from Mr. Corredor improperly informed the basis for the Magistrate's Order. The City should not be rewarded for engaging in this impermissible and unprofessional conduct—but

6

the order in its favor on the registration of judgment issue does just that. Accordingly, Open International LLC respectfully requests a reconsideration of the order granting the City leave to register the judgment in Oregon and in Florida.

## **CONCLUSION**

For the foregoing reasons, Open International LLC respectfully requests that the Court review its Objections, set aside the January 31, 2025, Order allowing the City to register the judgment in Oregon and Florida, and enter an order denying Plaintiff's Motion to Register the Judgment.

Dated: February 14, 2025                    Respectfully submitted,

*/s/ Laurie Webb Daniel*
Laurie.Daniel@webbdaniel.law
WEBB DANIEL FRIEDLANDER LLP
75 14th Street NE
Suite 2450
Atlanta, Georgia 30309

*Attorney for Open International, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this February 14, 2025, the foregoing was electronically filed with the Clerk of Court using the Court's electronic filing system and that a copy of the foregoing was sent to all counsel of record via same in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

                 */s/ Laurie Webb Daniel*
                 Laurie Webb Daniel
                 Webb Daniel Friedlander LLP