IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02063-CNS-SBP

CITY OF FORT COLLINS

    Plaintiff/Counterclaim Defendant,

v.

OPEN INTERNATIONAL, LLC

    Defendant/Counterclaim Plaintiff,

and

OPEN INVESTMENTS, LLC,

    Defendant.

**PLAINTIFF'S MOTION TO STRIKE OR STAY OPEN INTERNATIONAL'S MOTION FOR SANCTIONS**

## INTRODUCTION

A jury and this Court found that Open International, LLC ("Open International") defrauded Plaintiff City of Fort Collins ("the City") out of millions of dollars. Open International has offered no security while the case is appealed, therefore enforcement of the $20 million+ judgment against it is not stayed. The City has sought information about Open International's assets so that it may attempt to recover something on its judgment. To date, the City has not recovered a single dollar from Open International. As is the City's right under the law, it has engaged in appropriate post-judgment discovery and uncovered that: 1) Open International has few assets and none in Colorado; 2) that Open International has been making transfer payments to other internationally-based

Open entities (while making no payments to the City); and, 3) that the principal of Open International sought to create a new entity to take over operations. The City has pursued these issues to make sure it has all relevant information.

In November 2024, the City filed a motion to compel discovery. That motion was fully briefed as of December 13, 2024. Even though the Court has not ruled on the City's motion to compel, on February 3, 2025, Open International filed a meritless motion for a protective order under Rule 26(c), and for sanctions under Rule 26(g) based on the notion that the City allegedly sought discovery for an improper purpose. Prior to filing the Rule 26 motion, Open International did not follow the Court's Practice Standards by failing to meaningfully meet and confer with the City and by failing to contact the Court for permission to file its motion. Open International's Rule 26 motion is also improper because the Court has not yet ruled on the City's motion to compel. For those reasons, Open International's Rule 26 motion should be struck. Alternatively, if the Court does not strike the Rule 26 motion, that motion and all briefing therefore should be stayed pending the Court's ruling on the City's motion to compel.[1]

**I.    The Rule 26 Motion Should Be Struck Because Open International Did Not Appropriately Meet & Confer**

On January 30, 2025, counsel for Open International contacted counsel for the City, requesting to confer on its planned Rule 26 motion. More specifically, Open

---

[1] If the Court is inclined to stay the Rule 26 motion rather than strike it, the City respectfully requests that the Court immediately issue the order staying the Rule 26 motion. An immediate stay would avoid unnecessary work for the parties and the Court (because the Court's ruling on the motion to compel may moot or clarify the issues relevant to the Rule 26 motion). If the Rule 26 motion is not struck or immediately stayed, the City will respond to the Rule 26 motion on February 24, 2024.

International demanded that the City withdraw its motion to compel because "the City's pending motion to compel is not warranted for the reasons expressed in [Open International's] opposition papers[; a]nd nothing in [the City's] reply justifies it, in our opinion." Ex. 1 (correspondence between counsel). Open International's only description of its now-filed Rule 26 motion was a vague reference to seeking relief under Rule 26: "If the City does not wish to withdraw its motion to compel, we plan to ask the court for relief under Fed. R. Civ. P. 26 on Monday[.]" *Id.* Open International did not state what relief it intended to seek or the basis for it.

On January 30, 2025, The City asked Open International to clarify what motion it contemplated and the basis for the motion. *Id.* Open International's response was again vague: "[T]he points supporting our request that the City withdraw its motion are set out in our response to the City's motion to compel (attached). Rule 26 provides remedies for unreasonable and burdensome discovery." *Id.* Open International did not state it would be moving for a protective order, nor did Open International disclose that it would be seeking sanctions under Rule 26(g) for "improper certification" of the discovery requests the City served in July 2024. Accordingly, the City again indicated it was not able to meaningfully meet and confer because Open International was not forthcoming with sufficient information:

> [T]his has not been a meaningful a conferral. Pointing to Rule 26 is not adequate. I genuinely do not know what motion you are considering filing, the basis, the relief you will request, why now (even though the motion has been briefed for almost two months), and why you would not just wait until the Court ruled before taking another step.

*Id.* Open International then filed its Rule 26 motion without further conferral. Dkt. 388.

3

"The language of Rule 7.1A is important. It requires that a moving party, before filing a motion, confer or make a reasonable effort to confer; the requirement is not satisfied by a party making a demand for compliance." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635–36 (D. Colo. 2003). "[T]o satisfy the requirements of Rule 7.1A, the parties must hold a conference, . . . preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Id.* at 636. Failing to properly meet and confer is grounds for striking and/or denying a motion. *Sparks v. Duncan Race Cars, Inc.*, No. 14-CV-00447-PAB-KLM, 2014 WL 7403382, at *4 (D. Colo. Dec. 29, 2014) ("[T]he Court struck a motion filed by Defendants for failure to sufficiently confer pursuant to Local Rule 7.1."); *Sands v. Integon Nat'l Ins. Co.*, No. 18-CV-00714-PAB-NYW, 2020 WL 8188184, at *4 (D. Colo. Mar. 9, 2020), *report and recommendation adopted*, No. 18-CV-00714-PAB-NYW, 2020 WL 8188168 (D. Colo. Mar. 25, 2020) ("Chief Judge Brimmer generally contemplates that a motion that has not been subject to an adequate meet-and-confer be denied without prejudice or stricken[.]"); *John Michael Assocs., Inc. v. BlueStem Mgmt. Advisors LLC*, No. 22-2055-HLT-RES, 2022 WL 1184447, at *2 (D. Kan. Apr. 21, 2022) ("[F]ailure to comply with meet-and-confer obligations subjects a motion to denial.").

Open International did not adequately meet and confer. Open International's emails regarding the Rule 26 motion did not disclose the specifics of the Rule 26 motion. *Hoelzel*, 214 F.R.D. at 636 (counsel "flagrantly violated the requirements of Rule 7.1A" because their conferral "did not discuss precisely" the issues raised in the subsequently-filed motion and there was no "deliberation" or "exchange of views"); *Curtis v. Lever Up*

4

*Inc.*, No. 20-CV-01873-DDD-NYW, 2022 WL 1015181, at *3 (D. Colo. Apr. 5, 2022) ("[C]ompliance with Local Rule 7.1(a) requires *meaningful* negotiations with opposing counsel, aimed at reaching a resolution of the Parties' dispute without court intervention." (emphasis in original)).

Compounding the impact of Open International's failure to confer regarding the specifics of its motion is the fact that Open International's vague conferral communications were not an accurate portrayal of its Rule 26 motion. As shown above, Open International's "conferral" communications twice stated the Rule 26 motion would be based on Open International's "response to the City's motion to compel." However, Open International now argues that its Rule 26 motion "expands on its opposition to the City's motion to compel" and "is based on a broader course of conduct than what was at issue in the motion to compel." *See* Ex. 2 (Open International's position statement appended to joint email to chambers). Similarly, Open International's Rule 26 motion seeks sanctions for an alleged violation of FRE 408, but this issue was never raised in conferral communications or in the motion to compel briefing.[2] Additionally, Open International seeks sanctions under Rule 26(g) for improper certification of discovery requests. However, Open International's argument is based primarily on language from

---

[2] The importance of meaningfully conferring is particularly important vis-à-vis a motion seeking sanctions. *Geiger v. Z-Ultimate Self Def. Studios, LLC*, No. 14-CV-00240-REB-NYW, 2015 WL 3396154, at *3 (D. Colo. May 26, 2015) ("[T]he court now expressly reminds the Parties of their duty to meaningfully confer prior to the filing of any motion, but particularly a motion seeking sanctions.").

5

the motion to compel *briefing*, not the discovery requests themselves. Open International's conferral did not disclose this basis for the Rule 26 motion.

Open International's conferral efforts were also inadequate because they amounted to a mere ultimatum. Ex. 1("If the City does not wish to withdraw its motion to compel, we plan to ask the court for relief under Fed. R. Civ. P. 26[.]"). Such ultimatums do not satisfy the conferral requirement. *Hoelzel*, 214 F.R.D. at 636 ("[T]he requirement is not satisfied by a party making a demand for compliance."); *Sparks*, 2014 WL 7403382, at *4 (noting that "[i]nforming opposing counsel that failure to comply with a request" will result in a motion "does not constitute conferral"—"[c]onferral requires discussion about the content and basis of the motion").

Open International argues its conferral communications regarding the City's *motion to compel* (in October-November 2024) constitute part of its conferral efforts for its *the Rule 26 motion*. Ex. 2 at 2. That argument makes no sense because the October-November 2024 communications did not identify the specific relief requested in the Rule 26 motion and the basis for it. *Geiger*, 2015 WL 3396154, at *3 ("Counsel must confer about the specifics of a forthcoming motion, and not simply rely upon months-old prior conferences[.]").

Ultimately, Open International did not meaningfully meet and confer. *See* Fed. R. Civ. P. 26(c)(1) (a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action"); Uniform Practice Standards § VI.2. Rather, the communications regarding the then-proposed Rule 26 motion appear to be

6

designed to prevent any meaningful dialogue. Notably, the Court's Practice Standards also require that, should conferral be unsuccessful, that the parties contact chambers and ***seek permission*** to file their discovery motion. Uniform Practice Standards § VI.2-3. Open International did not do that here, and that failure is particularly meaningful since (as discussed below) so many of the issues are related to the motion to compel, the Court may have immediately recognized Open International's proposed Rule 26 motion as meritless and declined to have Open International file it or may have preferred to wait on the resolution of the City's pending motion to compel before determining whether any further motion practice is appropriate. Accordingly, Open International's Rule 26 motion should be struck.[3]

## II. The Rule 26 Motion Should Be Struck, or Alternatively, Stayed Pending the Court's Ruling on the City's Motion to Compel

Open International's Rule 26 Motion should be struck or (alternatively) the City's response should be stayed.

First, the issues raised in the Rule 26 cannot and should not impact the decision on the underlying motion to compel. Open International had a full opportunity to respond to the City's motion and did so on November 29, 2024. *See* Dkt. 378. Open International was free to include whatever arguments it thought appropriate and relevant. In fact, had it thought a protective order was appropriate, it could have filed one last summer before responding to the City's requests or alongside its response to the City's motion to compel. Nothing has changed since that filing that justifies providing the Court with supplemental

---

[3] Having now read Open International's Rule 26 Motion, the City remains opposed to the relief requested.

authority or argument when considering the motion to compel (and Open has not sought that relief).

Second, Open International admits that its Rule 26 Motion is "inextricably intertwined" with the City's motion to compel. *See* Ex. 2. While it covers the same issues, it **cannot** be considered alongside the motion to compel. Rule 37(a)(5)(B) clearly states the relief sought by Open International can only be granted if a motion to compel is denied:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

F.R.C.P 37(a)(5)(B). Given Open International is seeking sanctions based on the City's briefing/arguments for its motion to compel, the basis for any such sanction would be Rule 37, not Rule 26(g). Thus, Rule 37 addresses both the protective order and the sanctions sought by Open International, and Rule 37 states such relief may only be granted "if the motion [to compel] is denied." This is consistent with common sense. The Court's ruling on the motion to compel may completely or partially moot and/or clarify the issues relevant to Open International's Rule 26 motion. Accordingly, to promote judicial economy and avoid wasting party resources, the Rule 26 motion should be struck, or (alternatively) stayed pending the Court's ruling on the motion to compel. *Cf. Regas Christou v. Beatport, LLC*, 849 F. Supp. 2d 1055, 1079-80 (D. Colo. 2012) (finding premature motion for sanctions reflected a "lack of judgment" because the motion was filed before the motion to dismiss was ruled on).

## CONCLUSION

For the reasons stated above, the City respectfully requests that the Court strike Open International's Rule 26 motion. Alternatively, the City requests that the Court immediately stay the Rule 26 motion (and all briefing deadlines) pending the outcome of the City's motion to compel.

Respectfully submitted this 18th day of February, 2025.

              DORSEY & WHITNEY LLP

              */s/ Case Collard*
              Case Collard
              Andrea Ahn Wechter
              Maral J. Shoaei
              1400 Wewatta Street, Suite 400
              Denver, CO 80202-5549
              Telephone: (303) 629-3400
              Fax: (303) 629-3450
              E-mail: collard.case@dorsey.com
              E-mail: wechter.andrea@dorsey.com
              E-mail: shoaei.maral@dorsey.com

              ***Attorneys for Plaintiff/Counterclaim Defendant City of Fort Collins***

## CERTIFICATE OF SERVICE

      I hereby certify that on February 18, 2025, I caused the foregoing document, titled **PLAINTIFF'S MOTION TO STRIKE OR STAY OPEN INTERNATIONAL'S MOTION FOR SANCTIONS** to be served as an attachment to electronic mail sent to the following:

Paul D. Swanson
Alexander D. White
Alexandria E. Pierce
Kevin C. McAdam
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
(303) 295-8578
(303) 416-8814
E-mail: pdswanson@hollandhart.com
        adwhite@hollandhart.com
        aepierce@hollandhart.com
        kcmcadam@hollandhart.com

Laurie Webb Daniel
Jeffrey I. Sandman
WEBB DANIEL FRIEDLANDER LLP
75 14th Street NE, Suite 2450
Atlanta, GA 30309
(678) 935-0144
E-mail: laurie.daniel@webbdaniel.law
        jeff.sandman@webbdaniel.law

*Attorneys for Defendants/Counterclaim Plaintiff*

                      *s/ Stacy Starr*
                      Dorsey & Whitney LLP