# Exhibit 2

**STATEMENT OF DEFENDANT OPEN INTERNATIONAL, LLC
IN CONNECTION WITH JOINT EMAIL TO CHAMBERS REGARDING ITS
PENDING MOTION UNDER FED. R. CIV. P. 26(c) AND (g)**

Defendant Open International LLC ("Open") apologizes if a joint email to Chambers was required before filing its Rule 26 motion. Open notes, however, that the City did not submit such a joint email to Chambers before filing its pending motion to compel, possibly because Judge Prose's instructions regarding a joint email could be interpreted as a permissive provision (i.e., Parties "may" email the Court about the discovery dispute but only if the email is joint). Thus, if, as the City now contends, failing to submit a joint email to Chambers prior to filing a discovery motion is grounds for striking the motion, then the City's motion to compel should be struck, which would eliminate this discovery dispute altogether. But, there is no reason why the present joint email cannot suffice for both the City's motion to compel and Open's Rule 26 motion.

Open's conferral efforts regarding its Rule 26 motion are set out in the Certificate of Conferral that is included in that motion, which is copied below for convenience of the Court. It is ironic, however, that the City considers this conferral insufficient considering that the City filed its motion to compel when Open was still trying to resolve the issue by agreement, as discussed in Open's response to the City's motion. In contrast, Open's conferral definitively established that the parties' could not resolve the issues by agreement before asking for judicial intervention. This Court's "meet & confer" requirement instructs that "[p]arties are allowed to confer over email but must wait at least twenty-four (24) hours for a response before proceeding." That is precisely what happened here: The City explained that it would not withdraw its motion to compel; Open invited the City to correct any misassumptions in that regard; and, hearing none, Open waited the requisite period before filing its motion. There was nothing more to discuss.

The City's suggestion that the Court rule on its motion to compel without considering Open's corresponding Rule 26 motion also is off-base. These motions are inextricably intertwined. But Open's Rule 26 motion expands on its opposition to the City's motion to compel. Indeed, Open's response to the City's motion could not assert the affirmative relief it now seeks, because that affirmative relief must be sought by separate motion pursuant to the express provisions of Rule 26(c) and (g). And Open's Rule 26 motion both (i) seeks additional relief (i.e., a grant of a protective order and sanctions rather than merely a denial of Plaintiff's motion to compel), and (ii) is based on a broader course of conduct than what was at issue in the motion to compel (i.e., the City's pattern of abusive discovery tactics). Accordingly, because these two motions are intertwined but with the issues further fleshed out in the Rule 26 motion, they should be decided together.

Finally, Open requests a hearing on both motions.

The Certificate of Conferral that was included in Open's Rule 26 motion is set out in the following two pages.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a), counsel for Open Investments, LLC conferred with counsel for the City before filing this motion, as described below.

On October 8, 2024, the subject matter of the City's about-to-be-filed motion to compel was discussed in a telephone call among counsel for the City and defense counsel. Doc. 374-1. There also were emails between counsel on this subject. *See* Doc. 374-12. After the City filed its motion to compel, Open International, LLC ("Defendant") responded on November 29, 2024 setting out in detail why the motion to compel was frivolous, including the fact that prior discovery had answered all questions raised in the motion to compel. For example, Defendant's response pointed to detailed discovery responses explaining the history of the parties, the history of the development of the Open software, and the use of the "Open International" trade name for years before the creation of the separate and distinct company, "Open International, LLC," that is a defendant in this lawsuit. *See* Doc. 378 and Exhibits.

Counsel for Defendant initiated a further conferral by email dated January 30, 2025, informing the City's counsel as follows:

> [W]e think the City's pending motion to compel is not warranted for the reasons expressed in our opposition papers. And nothing in your reply justifies it, in our opinion. So, I'm writing to ask that the City withdraw the motion. If the City does not wish to withdraw its motion to compel, we plan to ask the court for relief under Fed. R. Civ. P. 26[.]

Defendants' January 30, 2025 email initially asked for an additional conferral by telephone and suggested some times in the next few days. But counsel for Defendant then asked for a phone call the next day, when, later on January 30, the City's counsel questioned the timing, substance, and form of relief Defendant had in mind, stating:

[T]he points supporting our request that the City withdraw its motion are set out in our response to the City's motion to compel (attached). Rule 26 provides remedies for unreasonable and burdensome discovery. Judge Prose does not require face-to-face conferrals, and not even a phone call. I gather from your recent email, plus the City's reply to our response, that the City is not going to withdraw its motion. If I am wrong about that, please let me know asap. An email will suffice.

On February 2, 2025, Counsel for the City confirmed that the City would not withdraw its motion to compel and suggested that Defendant wait until after the Court rules on the pending motion to compel before filing a Rule 26 motion for relief from burdensome and unreasonable discovery.

Because, the City has made clear that it will not withdraw its motion to compel notwithstanding the points Defendant has made in its opposition, and because it makes no sense to delay Defendant's motion for protective order and sanctions under Rule 26 based on the City's aggressive, unreasonable, burdensome, and misleading post-judgment discovery position, Defendant believes it has satisfied its conferral obligations and thus now files this Rule 26 motion.

*/s/ Laurie Webb Daniel*
Laurie Webb Daniel
WEBB DANIEL FRIEDLANDER LLP
Laurie.daniel@webbdaniel.law
75 14th Street, Suite 2450
Atlanta, Georgia  30309
404-433-6430